HUGH L. BRINKLEY V. ADA G. HARKINS ET AL.

| 48 | 225 |
|----|-----|
| 88 | 13 |
| 48 | 225 |
| 38a | 28 |

1. PLEADING.—B brought suit against the heirs of D to recover land which he alleged D had purchased with money placed in his hands for that purpose, by B; the title was taken in D's name, though the petition alleged that D had promised to convey the land to B, and had died before doing so. To this a general denial was pleaded. The evidence showed that the purchase was made by D, with funds accruing from a partnership enterprise between B and D, and no settlement was shown, nor was the value of the land shown on the trial: *Held*, Since the evidence developed a case entirely different from that made in the pleading, judgment should have been rendered for the defendant.

2. SPECIAL JUDGE.—When a cause is tried before a special judge, the record should show how he became a special judge.

3. PARTNERSHIP.—See case for facts constituting a partnership.

APPEAL from Kaufman. Tried below before the Hon. J. G. Eblen, special judge.

*J. J. Hill*, for appellant.

[No briefs for appellee have been received.]

ROBERTS, CHIEF JUSTICE.—The state of the case made by pleadings of the plaintiff, was that Harkins bought the land with Brinkley's money, deposited in his hands for that purpose, and took the title in his own name, instead of that of Brinkley, and afterwards promised to convey the land to Brinkley, but died before doing it.

To this the defendants pleaded a general denial, which put in issue the existence of this state of facts, and placed upon the plaintiff the burden of proving such facts, in substance or legal effect, in order to sustain his cause of action.

The state of case made by the evidence, especially that of H. L. Brinkley himself, was that Brinkley deposited in the hands of Harkins a large amount of money, which, with its interest, amounted to about $20,000, to be employed by Har-

kins in the purchase and sale of cotton-cards, upon the terms that Harkins was to attend to the business, and, after paying back the money advanced, the profits were to be equally divided between them; that the land in controversy was bought with the proceeds of this money thus employed, and the title taken in the name of Harkins; that a large part of the money was invested in cotton-cards in England, and lost, by capture and condemnation by the authorities of the United States, on the way to a market in Texas; that only about $2,500 of this loss had been reclaimed, which was all that Harkins had ever paid to Brinkley. Harkins turned the title papers over to Brinkley, and he never required him to make a title to him. There was no settlement shown. This transaction, as thus proved, was a partnership, and the land purchased was partnership property. One party had put in the enterprise his capital; the other, his time and labor. The value of the lands thus purchased on joint account was not alleged or proved on the trial. To test the question of the right of Brinkley to have a court of equity to decree to him the title to the whole of these lands thus purchased, suppose that, by the time of the trial, they had been of the value of $50,000, would it have been equitable for him to have them decreed to him, even had the suit been properly brought for such a purpose? If the land should be of less value than that supposed, it does not thereby change the remedy by which Brinkley must reach his interest in them.

Or, if this transaction, as proved, should be construed, as between the parties, to have been a loan of money to be used by Harkins in a certain trade, the principal of which was to be repaid, and Harkins was to compensate Brinkley for the use of it by giving him one-half of the profits made by the use of it in trade by Harkins, then it would be Harkins' land, and subject to be sold to pay his debt, if not paid to Brinkley, when such debt should be reduced to a judgment, in any court having jurisdiction of a suit or proceeding to enforce such a debt against the property of a deceased person's estate.

Under either view that may be taken of the case made in proof, it is, in its nature, entirely different from the case made in the petition of the plaintiff, and that, too, without any regard to the evidence adduced by the defendants.

For this reason, the judgment should have been for the defendants, instead of for the plaintiff, the case having been submitted to the judge upon the law and facts.

The bill of exceptions taken to the admission of the depositions offered in evidence by the plaintiff, for the want of notice of the filing the interrogatories, does not show with sufficient distinctness the ruling of the court, and the circumstances under which it was made, to require a decision of this court upon it.

The record shows that the case was tried by a special judge, without showing how he became so, as it would seem it should do in some more definite mode. But no question is raised upon his authority to hear and determine the case; and it has not been thought necessary to do more than to call attention to it, without deciding anything about it.

Because the case made by the evidence is entirely variant from the case made in the pleadings, the judgment is reversed and the cause remanded

REVERSED AND REMANDED.