### A. L. McMurry v. The State.

SPECIAL JUDGE—TRANSCRIPT.—On appeal from a conviction had before a special judge, the record must set out the proceedings whereby the special judge was constituted.

APPEAL from the County Court of Lamar. Tried below before J. P. GRAHAM, Esq., Special Judge.

By an information filed in the County Court, the appellant was charged with exhibiting a pool-table for the purpose of gaming. Being found guilty, a fine of $25 was assessed against him.

*Bennett & Bennett* and *Bramlette & Clark*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. This case was tried, as is shown in the record, by a special judge, but by what authority is not disclosed. It is provided by law that the same proceedings be had in selecting a special county judge as are had in the District Court in case the regular judge fails to appear at the appointed time for holding his court (Gen. Laws 1876, p. 23, sect. 27; Rev. Stats., art. 1140); that is, by an election. The Constitution provides that if the county judge is disqualified in any cause pending in his court, it shall be transferred for trial to the District Court. Const., Art. V., sect. 16; Code Cr. Proc., art. 573.

Under the express provisions of the Revised Statutes, the proceedings incident to the election and qualification of a special judge must be made matters of record. Rev. Stats., art. 1141. And in *Brinkley* v. *Harkins*, 48 Texas, 225, it was held that when a cause is tried before a special judge, the record should show how he became special judge.

For the practice as it now obtains with regard to the disqualification of the judge, see Code Criminal Procedure, arts. 569 to 575, inclusive.

Because the record fails to show the authority by which the special judge who presided tried this case, the judgment is reversed and the cause remanded.

*Reversed and remanded.*