## MONROE HARRISON *v.* THE STATE.

1. CHARGE ON CIRCUMSTANTIAL EVIDENCE. — It is proper for trial judges, in charging upon circumstantial evidence, to instruct juries as to the effect the evidence must have upon their minds before they will be authorized to convict, but they should not give any intimation as to the strength, power, or conclusiveness of the evidence.

2. SAME. — See this case for a charge on circumstantial evidence held bad as being a charge upon the weight of evidence.

APPEAL from the District Court of Colorado. Tried below before the Hon. E. LEWIS.

The appellant was indicted by the grand jury of Lavaca County, Texas, charged with the murder of Henry Griffith. There have now been four trials and appeals in the case. *Vide* 8 Texas Ct. App. 183; 6 Texas Ct. App. 42, and 3 Texas Ct. App. 558, where the material facts will be found. There is no occasion for a further statement of the facts in order to an understanding of the opinion now reported.

The sixth paragraph of the charge given the jury by the trial court, and which is the paragraph discussed in the opinion of the court, reads as follows : —

"What is termed circumstantial evidence is legal evidence, and is often as conclusive and strong upon the under-

standing as that which is termed direct and positive evidence. When the State relies on circumstantial evidence to convict, the testimony must exclude to a moral certainty every other hypothesis but the one of guilt as charged in the indictment, or the jury should acquit.   When the State relies upon circumstantial evidence to convict the defendant, each fact in the chain of facts from which the main fact in issue is to be inferred must be proved by competent evidence, and by the same weight and force of evidence as if each one were the main fact in issue ; and all the facts proven must be consistent with each other and the main fact to be proven.''

*A. P. Bagby*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Hurt, J.   This case is now before this court, on appeal, for the fourth time.   When here last, it was reversed upon the ground that the charge of the court was upon the weight of evidence.   The learned judge below then made a lengthy observation upon the character, nature, and power or strength of circumstantial evidence.   Judge Clark, in his clear and exhaustive opinion, set forth the elements of a proper charge, and in unmistakable terms showed what would be a charge upon the weight of evidence.   Notwithstanding this, the court below, on the last trial, charged the jury thus :  " What is termed circumstantial evidence is legal evidence, and is often as conclusive and strong upon the understanding as that which is termed direct and positive evidence." °

Let us concede this to be true as an abstract proposition — what had the jury to do with that question?   A case in which this might be true may be quite different from the one under consideration.   If the circumstances (in this case) by which the State proposed to convict the defendant were able to stand by their own vigor and strength, did they need this

eulogy upon their manhood? If they could not move along in their own strength and manhood and accomplish the desired purpose, was it just to defendant for the court to lend a helping hand? We think not. The court below has nothing whatever to do with the strength, power, or conclusiveness of the evidence. Not the slightest hint as to its strength or weakness should fall from the lips of the court. The jury, and the jury alone, can pass upon its weight. The sole duty of the presiding judge is to charge the law applicable to the case as made by the evidence. If the case is one of circumstantial evidence it is proper to charge the jury, not as to its strength or weight, but the effect it must have upon the minds of the jury before they would be authorized to convict the defendant upon that character of evidence. This charge, being directly upon the weight of evidence, and very favorable to its strength, upon the power or conclusiveness of which the guilt of defendant depended, is clearly wrong, for which the judgment must be reversed. The defendant excepted to the charge at the proper time, and we are left no alternative but to reverse.

We would here suggest, that though this case is now before this court for the fourth time, yet we will continue to reverse it as often as the law of the land is thus violated; for we hold the destruction of a legal right to be more dangerous to the liberty of the citizen than the acquittal of the most abandoned wretch.

We have examined the record in this case carefully, but find no other errors. With the exception of the above error in the charge of the court, it (the charge) is a clear and excellent application of the law to the facts of the case. The charge being upon the weight of evidence, thereby invading the province of the jury, the judgment is reversed and the cause remanded.

*Reversed and remanded.*