[No. 2741.]

## John Perry and others *v.* The State.

1. **Practice in the Court of Appeals.**—In the absence of a showing in the record that the cause appealed was tried before, and the judgment rendered by, a judge judicially known to this court, or a special judge having lawful authority and qualified to act in that capacity, this cou t will treat the judgment as a nullity and reverse

2. **Scire Facias—Right of Appeal.**—*Scire facias* causes are criminal and not civil cases, and the State, under Article 776 of the Code of Criminal Procedure, has no right to a new trial where, in such cases, a judgment has been rendered for the defendant; nor has the State the right of appeal or writ of error in such cases.

3. **Same—Case Stated.**—In a previous trial upon a forfeited bail bond, judgment was rendered for the defendant, but, upon motion of the county attorney, the judgment was set aside, and the State was awarded a new trial. *Held*, error.

APPEAL from the District Court of Coleman.   Tried below before T. J. White.

The appeal in this case was prosecuted from a judgment based on the forfeiture of the bond of John Perry, bailed under an indictment charging him with the theft of a horse.   Seven hundred and fifty dollars was the amount of the bond and judgment.

The opinion sufficiently discloses the case.

That the judgment was contrary to and not supported by the evidence was the ground set up for new trial, which was refused.

*A. R. Coleman,* for the appellants.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   It appears from the record that this case was tried before, and the judgment appealed from was rendered by, the Hon. T. J. White, purporting to be the judge of the District Court of the judicial district including Coleman county.   It is judicially known to this court that the Hon. W. A. Blackburn was the judge of said district at the time of said trial, and further that there was no judge of the District Court in this State, at the time of said trial, whose name was T. J. White.   We presume the case was tried before a special judge of that name, but the record fails to show that such was the case.   There is nothing in the record to show by what authority T. J. White presided as judge in the trial of the cause, or that he was sworn as required by law.   In the absence of a showing in the record that the cause was tried before, and the judgment rendered by, a judge having lawful authority and qualified to act in that capacity, we must treat the judgment as a nullity and reverse it.   (*McMurray* v. *The State,* 9 Texas Ct. App., 207; *Brinkley* v. *Harkins,* 48 Texas, 225.)

It appears further from the record that a previous trial of this case had occurred, which resulted in a judgment for the defendants, but, upon motion of the district attorney, this judgment was set aside, and a new trial was granted the State.   Article 776 of the Code of Criminal Procedure declares that "A new trial can in no case be granted where the verdict or judgment has been rendered for the defendant."   It has been settled by the decisions of this court, following decisions previously made by the Supreme Court, that a proceeding upon a forfeited bail

bond or recognizance is a *criminal* and not a *civil* case, and that the State had no right of appeal or writ of error in such cases. (*Hart* v. *The State*, decided at last Galveston term of this court, and authorities there cited, 13 Texas Ct. App., 555.)

In accordance with these decisions, and the article of the Code above cited, we must hold that the court erred in setting aside the judgment rendered in favor of defendants, and granting the State a new trial. That judgment was final and conclusive against the State, and operated to entirely discharge defendants from all further liability upon the bail bond.

As this view of the case must finally dispose of it, we will not determine other questions presented by the record. The judgment is reversed and the suit dismissed

*Reversed and dismissed.*

Opinion delivered May 9, 1883