[No. 2855.]

## R. Harris *v.* The State.

1. Transcript—Practice—Special Judge.—On appeal from a conviction had before a special judge, the transcript must set out the proceedings whereby the special judge was appointed. Otherwise the conviction can not stand.
2. Certiorari—Practice in Court of Appeals.—See this case for circumstances under which this court imposed a fine against a district clerk for contempt in disobeying a *certiorari* issued by this court. And also for the showing held sufficient to purge the contempt and exonerate the clerk, except as to the costs.

Appeal from the District Court of Brown. Tried below before C. H. Jenkins, Esq., Special Judge.

The indictment charged the appellant and James Hill with the theft of one head of cattle, the property of A. Crumb, of Brown county, Texas, on the first day of March, 1878. The appellant, who was alone upon trial, was convicted, and his punishment affixed at confinement in the penitentiary for a term of two years.

With reference to the second head-note, the facts are sufficiently disclosed in the two opinions delivered by this court.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. It appears from the record before us that the trial and conviction in this case were had before a special judge, but there is nothing in the record to show by what authority the special judge presided in the trial. It has been repeatedly held that on appeal from a conviction had before a special judge, the record must set out the proceedings whereby the special judge was constituted. (*Brinkley* v. *Haskins*, 48 Texas, 225; *McMurray* v. *The State*, 9 Texas Ct. App., 207.)

Because of this defect in the record, the judgment of conviction must be set aside and the cause remanded for a new trial.

On June 9, 1883, upon motion of the Assistant Attorney General, a *certiorari* was issued from this court commanding the clerk of the District Court of Brown county to send up to this court without delay a perfect transcript of the record in this cause, showing the election or appointment of the special judge who tried this cause, and the qualification of such special judge. It appears from the return upon said process made by the sheriff of Brown county, that it was duly served upon C. Bean, clerk of the District Court of Brown county, on the thirteenth day of June, 1883. This case has been withheld from submission and determination until the very last day of this term of the court, awaiting a perfect transcript in obedience to the *certiorari;* but there has been no response to the *certiorari* by said clerk, and we are now compelled to reverse the judgment and remand the cause for no other reason apparently than the inexcusable carelessness of said clerk.

We cannot permit such conduct to pass unnoticed and unpunished. This defendant is confined in jail, and at a heavy expense to the county, and by this neglect of the said clerk another trial of the case is made necessary, and perhaps the continued imprisonment of the defendant for months. Ample time has elapsed since the service of the *certiorari* upon the clerk for him to have had before this court a perfect transcript. It appears that he has, in contempt of the process of this court, refused to make any response to the *certiorari*. In view of the facts as they appear to this court, it is ordered that a fine of fifty dollars be and the same is imposed upon said C. Bean, clerk of the District Court of Brown county, Texas, for failing

to send up to this court a perfect transcript in this cause, and for failing to answer the writ of *certiorari* served upon him herein; which fine will be made final at the next term of this court, to be held at Tyler, Texas, commencing on the first Monday in October, 1883, unless good cause be shown by said clerk why the same should not be so made final. And the clerk of this court will issue citation for said C. Bean, clerk as aforesaid, notifying him of this judgment, and summoning him to appear before this court at its said Tyler term, on the first Wednesday of said term, and show cause, if any he can, why this judgment against him should not be made final.

We will here remark that in the future this court, as far as it is within its power, will hold to a strict accountability all officers who are entrusted by law with the enforcement or administration of the criminal laws of this State. Frequent derelictions of duty of the kind above noticed make it necessary that we should resort to the power of fine to correct the evil.

The judgment of conviction in this case is reversed and the cause is remanded for a new trial.

*Reversed and remanded, and scire facias ordered for the clerk of the court below.*

Opinion delivered at Austin, June 30, 1883.


## ON MOTION FOR REHEARING.


WILLSON, JUDGE. It having been made to satisfactorily appear to us, on C. Bean's motion for rehearing, that he intended no contempt of the process of this court in failing to respond to its writ of *certiorari*, but that such failure was occasioned by a mistake of fact, he having been informed and believing that this court had adjourned at the time he was served with the writ, and that therefore it was not necessary that he should immediately obey it, we have concluded that in justice to him, the judgment final for fifty dollars rendered and entered against him at a former day of this term, upon a judgment *nisi* rendered and entered against him at the last Austin term of this court, should, together with said judgment *nisi*, be set aside, except as to the costs incurred in said proceedings. Wherefore the motion for rehearing is granted, and the said judgment final and judgment *nisi*, except as to the costs, are set aside and vacated, and the said C. Bean is discharged from further liability in this

proceeding, except for the costs thereof, which will remain adjudged against him.

*Ordered accordingly.*

Opinion delivered November 10, 1883.