## L. SCHWARTZ v. THE STATE.

### No. 1162. Decided June 2, 1897.

**1. Transfer of Case by Special Judge—Jurisdiction.**

Where a case was transferred by a special judge, from the District to the County Court, and defendant pleaded to the jurisdiction of the latter court because the transcript of the transfer failed to show the appointment, qualification, or authority of the special judge; Held, the statute, article 1071, Revised Statutes, does not require that the appointment and qualification of a special judge shall accompany an order of transfer of case as part of the record of such transfer. In regard to such a transfer, it will be presumed that the law was complied with as to his appointment, etc.

**2. Betting on Election—Stakeholder Neither a Principal or Accomplice.**

In the offense of betting upon an election, a mere stakeholder is neither a principal nor an accomplice whose testimony is required to be corroborated to justify a conviction based alone upon it.

**3.  Misdemeanors—Accomplices.**

Technically speaking, there are no accomplices in misdemeanors; in such cases, ordinarily, all participants are principals.

APPEAL from the County Court of Uvalde.  Tried below before Hon. J. E. CUMMINGS, County Judge.

Appeal from a conviction for betting upon a general election; penalty, a fine of $25.

Defendant pleaded to the jurisdiction of the County Court, because the record of the transfer of the case from the District to the County Court failed to set out the appointment and qualification of the special judge who had ordered the transfer.

At the trial, H. W. Baylor testified that he, as stakeholder, held the money bet upon the election for and at the instance of defendant and Hugh Jones, the other party to the bet.

*Ellis & Martin,* for appellant.—The authority of the special judge, in any matter wherein he proposes to have acted, must be shown.  Harris v. State, 14 Texas Crim. App., 676; Brinkley v. Hawkins, 48 Texas, 225; McMurray v. State, 9 Texas Crim. App., 207; Snow v. State, 11 Texas Crim. App., 99; Perry v. State 14 Texas Crim. App., 166; Wilson v. State, 14 Texas Crim. App., 205; Smith v. State, 24 Texas Crim. App., 290.

The defect or omission in the transcript may be taken advantage of on plea to the jurisdiction.  Brumley v. State, 11 Texas Crim. App., 114.

Baylor, as a stakeholder, was a particeps criminis.  Code Crim. Proc., art. 781; Phillips v. State, 17 Texas Crim. App., 170; Harrison v. State, 17 Texas Crim. App., 442.

*Mann Trice,* Assistant Attorney-General, for the State.

[No briefs found with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of betting on the result of a general election, and his punishment assessed at a fine of $25, and he prosecutes this appeal.

Appellant contends that the court erred in not sustaining his motion to the jurisdiction of the County Court.  The grounds of his motion were as follows: That there was an indictment in this case found and presented in the District Court of Uvalde County, and that the same was transferred from said District Court to the County Court of Uvalde County, the orders of transfers and presentment being as follows: "At a term of the District Court begun and holden within and for the county of Uvalde, at Uvalde, on the 18th day of January, A. D. 1897, and which adjourned on the 3d day of February, A. D. 1897, the Hon. W. W. Martin, Special Judge thereof, presiding, the following proceedings were had in the cause of The State of Texas v. L. Schwartz, to wit: January 26th, A. D. 1897.  This day came into open court, in a body, the grand

jury, a quorum being thereof present, and, through their foreman, delivered to the judge of this court the following indictment, to wit: 'The State of Texas v. L. Schwartz. File No. 1183,' which was thereupon ordered by the court to be filed." Order of transfer: "January 27th, A. D. 1897. The State of Texas v. L. Schwartz. No. 1183. It appearing to the court from an inspection of the indictment that this court has not jurisdiction in this case, the same being a misdemeanor, and that the County Court of Uvalde County, Texas, has jurisdiction of the same, it is ordered that the said case be, and the same is, transferred to. said County Court of said county. The following costs have accrued in this cause in the District Court of Uvalde County, Texas, to wit: Bill of costs in District Court, $2.80."

The motion is predicated on the idea that the transcript fails to show by what authority W. W. Martin, who appears to have presided in said District Court, was made special judge, whether by agreement, election by the bar, or appointment by the Governor, and fails to show that any record of such appointment or election was made to evidence the authority by which said Martin, as special judge, transferred said case to the County Court. To support this contention, appellant refers us to the following authorities: Brinkley v. Harkins, 48 Texas, 225; Snow v. State, 11 Texas Crim. App., 99; McMurry v. State, 9 Texas Crim. App., 207; Perry v. State, 14 Texas Crim. App., 166; Wilson v. State, Id., 205; Smith v. State, 24 Texas Crim. App., 290. In the first case cited (Brinkley v. Harkins, supra), the court, in passing, say: "The record shows that the case was tried before a special judge, without showing how he became so, as it would seem it should do in some more definite mode. But no question is made as to his authority to hear and determine the case, and it has not been thought necessary to do more than call attention to it, without deciding anything about it." The cases decided by our court appear to follow said case, but from the above it will be seen that the question was not decided in that case. However, the decisions of our court all appear to establish the rule that where a regular judge is disqualified to try the particular case, and a special judge is selected by the parties, or, on their failure to select, is appointed by the Governor, that the record should show how he became special judge, and show his qualification; that is, that he took the oath prescribed by the Constitution. See Smith v. State, 24 Texas Crim. App., 290, and the cases above referred to. These cases appear to construe article 607, Code of Criminal Procedure, and succeeding articles, when the judge of the district court is disqualified to try the particular case. Article 609 provides: "The attorney agreed upon or appointed, as provided in the two preceding articles, shall, before he enters upon his duties as special judge, take the oath of office required by the Constitution of the State, and his selection by the parties, or appointment by the Governor, as the case may be; and the fact that the oath of office was administered to him shall be entered upon the minutes of the court as a part of the record of the cause, and he shall have all the power and authority of the dis-

trict judge that may be necessary to enable him to conduct, try, determine, and finally dispose of such case." Article 610 refers to the selection of a judge of the county court when the judge of that court is disqualified to try the particular case; and article 610a provides with reference to his mode of qualification, and the entry of his appointment of record, as article 609 provides with reference to special district judges. Now, it will be seen from these articles that the appointment and qualifications of special judges are required to constitute a part of the record, and should constitute a part of the record on appeal. But the case before us is not the appointment of a special judge to try the case, but was evidently the selection of a special judge to preside over the court for the term, under article 1071, Revised Statutes 1895, and the following articles, including article 1077. In such case article 1075 provides: "It shall be the duty of the clerk to enter upon the minutes of the court a record of the election of such special judge, showing: (1) The names of all the practicing lawyers present and participating in such election. (2) The fact that the public proclamation was made at the courthouse door that such election was about to take place. (3) The number of ballots polled at such election, and the number polled for each person, and the result of the election. (4) That the oath prescribed by law has been duly administered to the special judge." Article 1076 provides: "The record of such proceedings, showing a substantial compliance with the requirements of the law in that behalf, shall be conclusive evidence of the election and qualification of such special judge." This is made a matter of record in the district court, but is not made a matter of record in each particular case. We apprehend that it would not be deemed necessary, even on the appeal of a case tried before such special judge, to make the record of his election a part of the record on appeal. But it is not necessary for us to decide that question, because in this case there was no trial by a special judge,—merely a transfer of the case from the District Court to the County Court. The articles relating to the transfer of cases are found in the Code of Criminal Procedure, from article 471 to article 475, inclusive. Article 473 provides that, when the case is transferred, "it shall be the duty of the clerk of the district court, without delay, to deliver the indictments in all cases transferred, together with all the papers relating to each case, to the proper court or justice of the peace, as directed in the order of transfer; and he shall accompany each case with a certified copy of all the proceedings taken therein in the district court, and also with a bill of the costs that have accrued therein in the district court, and the said costs shall be collected in the court in which said cause is tried, in the same manner as other costs are collected in criminal cases." Now, there is no authority in any statute that we know of requiring the election and qualification of a special judge selected under article 1071, Revised Statutes 1895, to accompany the transfer of the case as a part of the record thereof; and we hold that where the transfer shows that it was from the District Court to the County Court, and by a special judge, it will be presumed that the con-

tingency arose which authorized the selection of the special judge, and that all of the conditions of his appointment and qualification, as required by the statute, were complied with, and entered upon the minutes of the District Court, as the law requires. If his authority is to be questioned, the onus is upon the party attacking his authority to show that he was not in fact a special judge of said District Court, and that the order of transfer, in consequence, was void. The cases to which we are referred by counsel, as stated before, have no application to this case.

Appellant also contends that the record shows that only one witness testified against the appellant; and that he was the stakeholder—that is, that he held the money bet by the parties, and turned the same over to the winner; and that that fact constituted him an accomplice under the statute; and that a conviction can not be maintained upon his testimony alone. An accomplice has been defined to be "a person who, either as a principal, accomplice, or accessory, is connected with a crime by unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participated in the crime." This being a misdemeanor, technically speaking, there are no accomplices; all persons participating in the crime would be principals. Now, was the stakeholder a principal in the offense of betting on the election? He had no interest whatever in the bet, and did not participate therein. His holding the stake money bet by the parties, in our opinion, did not constitute him a principal in the offense, so as to make him an accomplice as far as his testimony would be concerned. There being no error in the record, the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]