SAM FORGE v. HOUSTON AND TEXAS CENTRAL RAILROAD COMPANY.

Decided December 2, 1905.

**Charge of Court—Allegations and Proof.**

The allegations of plaintiff's petition, the evidence introduced, and the charge of the court considered, and held, that the charge was in accordance with the allegations and the proof, and was therefore correct.

Appeal from the District Court of Limestone. Tried below before Hon. L. B. Cobb.

*A. B. Rennolds* and *Harper, Jackson & Harper,* for appellant.—That the court erred in giving the charge quoted in the opinion, cited: Sayles' Civ. Stats., arts. 1317 and 4560 g.

*Andrews, Ball & Streetman,* for appellee.—The duty to keep a lookout, in case such duty exists, does not devolve upon other employes of a railroad company than those who are charged with the management and control of the train, and there is no presumption that any other person besides the regular train crew has any authority or duty to keep

a lookout for persons in order to prevent an injury to them by the train; and a recovery can not be had on account of the failure of any other person, outside of the regular train crew, to maintain a lookout for trespassers upon the track. Gulf, C. & S. F. Ry. Co. v. Johnson, 67 S. W. Rep., 1040.

There was no reversible error in the charge complained of, because, under the uncontroverted evidence, the plaintiff was not entitled to recover, in that the uncontroverted evidence showed a complete variance in proof from the case alleged by the plaintiff, and the defendant was entitled under the uncontroverted evidence to a peremptory instruction. Brinkley v. Harkins, 48 Texas, 225; Western U. Tel. Co. v. Smith, 88 Texas, 9; Cooper v. Loughlin, 75 Texas, 524.

RAINEY, Chief Justice.—The appellant sued the appellee to recover damages for running a train over and killing his twelve-year-old son. A trial resulted in a verdict and judgment for the railroad company, from which this appeal is prosecuted.

The evidence shows that, at the time of the accident, and at the place thereof, the railroad company was constructing a spur track to a rock quarry in Limestone County. The road had there a construction crew of twenty-five or thirty men, and also a train of cars consisting of an engine, a caboose and several flat cars. The caboose was attached to the rear of the engine and the cars were attached in front of the engine. Said train was operated by a crew of five men, a conductor, engineer, fireman and two brakemen. The construction crew loaded the train with dirt, and, when ready to move the train, the second foreman, or "straw boss," indicated to the train crew that they were ready, and the train crew would move the train as desired. On this occasion the straw boss signaled his readiness, when the train moved about one hundred feet, when it was discovered that the boy was run over and injured, from which injuries he died in a few hours.

The court, at the request of the defendant, gave the following special charge: "In this case you are instructed that you can not find a verdict for plaintiff on account of the failure of hands, outside of the train crew, either to discover the deceased, or to warn him of his danger, or any other acts of said hands; and by the train crew, as used, is meant the conductor, the engineer, the fireman and brakemen, and if you believe that there was no negligence on the part of said crew, or any of them, you will then find for the defendant, regardless of any acts of said other hands." The giving of this charge is the basis of the appellant's complaint.

The contention is that the evidence supports the issue that one Green, or straw boss, who directed the construction crew, was, in addition to the train crew, engaged in the operation and management of the train, and had absolute control and management of the movements of said train. We do not concur in the statement that Green controlled and managed the movements of the train. It is true that the train was there to move the dirt and place it where needed, and Green was to indicate to the train crew by halloing, or by signaling, when his crew was ready for the train to move and where the dirt was to be placed; but further than this he seems to have had no authority over the train crew. In

operating the train the conductor, engineer, etc., in their respective capacities as such, alone were entrusted with the control and management of the operation of the train. This is in accord with plaintiff's allegations, wherein he alleges "that the conductor of said train, acting for defendant in directing the movements thereof, by giving signals to defendant's engineer, under whose control and management defendant had placed the aforesaid locomotive and construction train, and defendant's servants, agents and employes who were engaged in the construction of said railroad, plainly saw the said Willie Forge and his perilous position aforesaid, or could have seen the same had they exercised ordinary care," etc. If the evidence showed that Green had the control and management of the movements of the train, no judgment could be based thereon, as it is not supported by the allegations of the petition. (Brinkley v. Harkins, 48 Texas, 225; Western U. Tel. Co. v. Smith, 88 Texas, 9; Cooper v. Loughlin, 75 Texas, 524.)

Again, if it should be shown that Green, and not the conductor, Templeton, managed the movements of the train, there is no evidence upon which negligence of Green could be based. There was some evidence which showed that boys had been allowed by the crew to play around and ride on the train at different times, but the work had been in progress for some days, and there is no evidence that any other boy had been near or about the train on that day, or that any one of either crew had seen this boy around there on this day before the accident. Annie Taylor, a witness, who lived near where the work was in progress, said that about a quarter of an hour, or an hour, before the accident, she saw the boy sitting under one of the cars with his back against the axle. Some of the witnesses understood the boy to say, after he was hurt, that he sat down there in the shade and went to sleep; others, that he thought the crews had quit work (it being after five o'clock), and he was sitting there in the shade, not expecting the train to move. It seems that the boy had assumed a position where he was not likely to have been seen by the crews, unless they were looking specially for him or someone else, and no facts were shown which required the crews to anticipate his presence under the car.

Without expressing an opinion as to the correctness of the charge as applied to this case, we think, under the pleadings and the evidence relevant to be considered, that no reversible error is shown in the giving of the same.

The court charged on the discretion of the boy and the degree of care to be used by defendant's employes, etc., and there being no reversible error, the judgment is affirmed.

*Affirmed.*