## LIZZIE PLUMMER v. THE STATE.

### No. 750.  Decided November 13th, 1895.

### 1.  Perjury—Quantum of Proof.

It is statutory that, "In trials for perjury, no person shall be convicted, except upon the testimony of two credible witnesses, or of one credible witness strongly corroborated by other evidence as to the falsity of the defendant's statement under oath," etc.  Code Crim. Proc., Art. 786 [746].  Held: It is not the character of the proof that is contemplated by the statute, but the number and character of the witnesses.

### 2.  Same—Circumstantial Testimony.

The falsity of the statement assigned as perjury, can be established by circumstantial evidence, but the circumstances to establish it must be proved by two credible witnesses, or by one credible witness, strongly corroborated by other evidence as to its falsity.

APPEAL from the District Court of Travis.  Tried below before Hon. F. G. MORRIS.

This appeal is from a conviction for perjury, the punishment assessed being a term of five years in the penitentiary.

The perjury was alleged to have been committed by defendant as a witness before the grand jury.  The grand jury were investigating an alleged criminal abortion upon the said Lizzie Plummer, charged to have been committed on or about the 15th day of June, 1894.  Lizzie Plummer was called by the grand jury to testify as a witness at said investigation.  She was asked, during her examination as a witness, whether she was or was not pregnant with child on the 15th day of June, 1894, or at any time within six months prior to that time.  Her statement, under oath, as a witness before the grand jury, that she was not pregnant on, nor within the six months preceding the 15th day of June, 1894, was the matter upon which the indictment for perjury in this case was assigned.

It is shown by the evidence that Lizzie Plummer was the secretary of a lodge, organized by the colored women of Austin.  She was an unmarried woman.  It was reported to the lodge that she was pregnant, and the report seems to have caused considerable comment and discussion; and finally a committee was appointed to investigate the matter. On the 15th of June, 1894, hearing that Lizzie Plummer was quite sick, the committee, consisting of five sisters in the lodge, went to her mother's house, where they found her in bed, and suffering greatly. These sisters testified that, in investigating the premises, they found evidences of a recent child-birth—among others, a tub, in which there was an after-birth and bloody clothing.  Several of these witnesses tes-

tified, that they had seen and noticed her appearance before that occasion, and that she was pregnant, and her condition was easily perceptible.

Geneva Starks testified in substance, "That she went to see Lizzie Plummer about 6 o'clock p. m., June 15th. That Lizzie said to her, 'Well, it's all over, I had a baby at 4 o'clock this evening, and Aunt Georgia and mamma attended to me.'" She testified that she staid at the house that night, and that, after the others had gone to sleep, she hunted around for the child, and found it rolled up in a white cloth, in the lower part of the safe; that it was a good big baby.

No other witness testified to having seen the child. This witness was impeached by contradictory statements made by her to as many as five different witnesses, to the effect that Lizzie Plummer had had no child, and that there was no truth in such a report. A number of witnesses testified that Lizzie Plummer had never looked like she was pregnant and was not pregnant.

There is a direct conflict throughout in the testimony of the witnesses for the State and the defendant.

Defendants requested instructions, which were refused by the court, were as follows, vlz:

1. "Before you can convict in this case, the evidence must show you beyond a reasonable doubt, through the evidence of two credible witnesses, or through one credible witness and strongly corroborated circumstances, that the defendant was pregnant with child on the 15th day of June, 1894, or had been so within six months next before that time. If, from the evidence you do not so believe, you will acquit the defendant."

4. "I charge you that a conviction for perjury cannot be obtained on circumstantial evidence. In this case, the only affirmative facts sworn to by any witness, is that sworn to by the witness, Geneva Starks, viz: That the defendant confessed to her that she (defendant), had had a child on the 15th day of June, 1894. If you believe the evidence of the witness, Geneva Starks, then you may take that evidence and consider it in connection with all the facts and circumstances in evidence, in ascertaining the guilt or innocence of defendant; but, if you do not believe the evidence of said witness, Geneva Starks, about the confession above mentioned, then the only affirmative evidence in this case would, by your judgment, be eliminated from the case, and you will find a verdict for defendant."

"If the jury believe from all the evidence in this case that the witness, Geneva Starks, is not a credible witness, that is, one you cannot reasonably believe, and do not believe, then I charge you that the case of the State fails, and you will find a verdict of not guilty."

[No briefs have come to the hands of the Reporter.]

*E. T. Moore*, *William M. Walton* and *George Walton*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of perjury, and given five years in the penitentiary. It appears from the record that the grand jury of Travis County had under investigation the matter or the fact as to whether an abortion had been committed or produced upon the body of the appellant, Lizzie Plummer; that she was a witness before the grand jury, and stated under oath that she was not pregnant on a certain day, and had not been pregnant for six months prior thereto. Upon this statement or testimony, perjury was assigned. We have carefully examined the indictment, and hold it sufficient. It appears from the record that Geneva Starks, upon the trial, swore that appellant had confessed to her that she had given birth to a child within the time covered by the indictment. She also testified that she had seen the baby. No other witness testified to this confession or to having seen the baby. Counsel for appellant requested the court to instruct the jury, if they believed from the evidence that Geneva Starks was not a credible witness, then to acquit the appellant; also requested the court to instruct the jury that, if they did not believe the testimony of Geneva Starks to acquit appellant. These requested charges are based upon the proposition that perjury cannot be proved by circumstantial evidence, and that there must be at least one credible witness, corroborated as the law requires, swearing positively to the statement assigned for perjury. The statute (Code Crim. Proc., Art. 746) [786] requires that the falsity of the statement be established by the testimony of two credible witnesses, or by one credible witness strongly corroborated. We hold that the falsity of the statemnt can be established by circumstantial evidence, but this must be done by the testimony of at least two credible witnesses, or by one credible witness strongly corroborated, as the law requires. In all criminal cases the guilt of the accused can be established by circumstantial evidence. Why cannot the falsity of a statement in a perjury case be established by the same character of evidence? The difference between other cases and perjury cases is this: While one witness may be sufficient to establish the guilt of the accused in other cases, the law requires two credible witnesses, or one credible witness strongly corroborated, in perjury cases. It is not the character of the proof that is contemplated by the statute, but the number and character of the witnesses. The court, therefore, did not err in refusing the requested instructions. The charge of the court was full and a correct application of the law to the facts of the case. If the testimony of the witnesses for the State be true, the guilt of appellant is most clearly established. If the witnesses for appellant are reliable, the appellant was not guilty. We have rarely had before us a record bristling with a greater amount of perjury. The credibility of the witnesses and the weight to be given their testimony were submitted to the jury. The jury seem to have believed the State's witnesses. We cannot revise, under the circumstances of this case the action of the jury in coming to the conclusion that appellant was guilty. The judgment is affirmed.

*Affirmed.*