FRANK ROGERS v. THE STATE.

*No. 582.  Decided November 20th, 1895.*

1.  **Perjury—Evidence—Leading Question.**

On a trial for perjury, where the perjury was assigned upon the evidence given by defendant as a witness at a coroner's inquest, in which he had stated, that he heard the shot, went near the locality, heard groaning and scuffling, and, looking under a cotton shed, saw a person he took to be deceased, and saw two other parties, one of whom was one H., walking away from the place; and H., on the the perjury trial, having testified that he was not present at the time and did not kill the deceased, it was not error to propound to him, as a question, the very language of the matter assigned as perjury, and permit him to answer, "if the defendant, Rogers, testified to that, it is false." Under the circumstances of the case, the question propounded could not be regarded as leading, and the answer could not be regarded as not being the statement of a fact or facts within the knowledge of the witness.

2.  **Bill of Exceptions to a Question Asked.**

A bill of exceptions reserved to the ruling of the court, in permitting a question to be asked a witness, is insufficient, if it fails to show that the question was answered.

3.  **Perjury—Evidence.**

Where perjury was assigned upon defendant's statement, that one H. was present when one S. was murdered. Held: That, as tending to show that S. was not murdered, but killed himself accidently, and that H. was not present, it was competent to show the loose manner in which deceased carried his pistol, and that from such carelessness he may have shot himself.

4.  **Same—Certificate to Coroner's Inquest.**

Where perjury was assigned upon the statement of a witness at a coroner's inquest, and the coroner's certificate to the inquest proceedings bore a wrong date. Held: It was competent to show that said certificate bore a wrong date, and that the perjured testimony was, in fact, given at an inquest over the dead body of one S.

5.  **Same—Circumstantial Evidence.**

A case of perjury may be entirely made out and supported by circumstantial evidence. Following, Plummer v. State, ante p. 202.

6.  **Perjury—Fact Case.**

See opinion for evidence summed up, which the court |holds sufficient to sustain a verdict and judgment for perjury.

APPEAL from the District Court of Coryell. Tried below before Hon. J. S. STRAUGHAN.

This appeal is from a conviction for perjury, wherein the punishment was assessed at imprisonment for five years in the penitentiary. The

leading features of the case, as made by the evidence, are concisely but clearly and sufficiently stated in the latter portion of the court's opinion herein.

The perjury was assigned upon the testimony of the defendant given at a coroner's inquest upon the body of one Alf Smith. Woodward, the Justice of the Peace, who held the inquest, testified : That defendant was subpœnaed before him as a witness; and made the statement, upon which the perjury was assigned, on the 17th day of May, 1893. The County Attorney testified to the same facts. The docket and certificate of the justice shows, that defendant's testimony was given and the inquest proceedings were closed on the 15th day of May, 1893. Woodward, the justice who held the inquest and made the certificate, was permitted to testify, that defendant testified at the inquest on May 17th; that the date in his certificate of May 15th, was a mistake; that it should bear date May 17th, and that he did not know how it happened to be dated May 15th.

*White & Mings* and *Stinnett & Bro.*, filed an able and interesting brief for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, Judge.—The appellant was convicted in the court below of perjury, and his punishment assessed at five years in the penitentiary. The appellant assigns as error that the court permitted the witness, Alvin Hope, to state that, if Frank Rogers, appellant, testified as follows, to-wit: "I heard a shot, and got up in my night clothes, and went to the old bank corner, and when I got there I heard a sort of groaning and scuffling noise in the direction of the Saunders bank corner. I walked in the street over on this side of the square to a place where I could see under that cotton shed, and I could see a person under that cotton shed that I took to be Alf Smith. I saw two other parties, one of whom was Alvin Hope, walking away from the place,"—said testimony was false. This was the allegation of perjury laid in the indictment, and the witness, Hope, had testified that he was not present at the time, and did not kill Alf Smith; that at the time said Smith was supposed to have been killed, he was at home, etc.; and the said witness was then asked the question as presented in the indictment, and in reply thereto he stated that said testimony was false, thereby traversing the very matter laid in the indictment. The question propounded the witness cannot be regarded as leading under the circumstances, nor the answer thereto as not being the statement of a fact or facts within the knowledge of the witness. In appellant's second bill of exceptions, he complains that the State offered to prove, by the witness, Quesenberry, that it was Alf Smith's custom to carry his pistol in the waistband of his pants. Appellant shows that he objected to said question, and that the court overruled his objection; but he does not show that the witness ever answered. This was not a good bill (see Kramer v. State, Tex. Crim.

App., 29 S. W. Rep., 157 ); but, conceding that it was, the witness, Quesenberry, showed that he knew the custom of deceased, Alf Smith, in regard to carrying his pistol in his pants waistband, and this testimony was material to show that, on account of this loose manner of carrying his pistol, in connection with other facts shown, Smith may have shot himself accidentally, and that Alvin Hope was not present at the time, and did not kill him. The court, it appears, permitted the State to show that the certificate of the Justice of the Peace to the inquest paper should have borne a different date than that shown on the paper. The defendant's proof, as compared with the date on said inquest paper, showed, or tended to show, that the alleged perjured evidence was given on a different date than that covered by the date on said certificate, and that it could not have been on the inquest trial over the body of Alf Smith. Under these circumstances, and in rebuttal, it was proper to show that said certificate bore a wrong date as to the beginning and conclusion of said inquest proceedings, and that said trial was not, in fact, concluded until the 17th day of May, so as to show that the alleged perjured testimony was given at the said coroner's inquest.

It is urged by appellant that this case should be reversed, because the testimony is not sufficient to sustain the verdict. Our statute on the subject of perjury requires that two credible witnesses must swear to the falsity of the statement on which the perjury is predicated, or the case may be made out on the testimony of one credible witness strongly corroborated by other circumstances. We have recently held, that a case of perjury may be entirely made out and supported by circumstantial evidence. See Plummer v. State, ante p. 202. In this case, we have the positive testimony of Alvin Hope as to the falsity of appellant's statement, "that he (Hope) was present at the killing of Alvin Smith." This is corroborated by the circumstance that another witness, a brother of said Alvin Hope, heard Alvin and Smith say, "Good night," and part at the gate of said Hope, the former coming in at the gate and the latter going off; the killing of said Smith being in the town of Gatesville, at least a quarter of a mile from the home of said Hope, and about half an hour after said parting. The falsity of said statement is further corroborated by the facts in evidence, showing that the night was very dark, and that appellant could not, from his position (assumed from his own evidence), have seen what he testified he saw; and the circumstances of the killing themselves strongly indicate that deceased came to his death by accident, and when no one was with him; and, besides this, the evidence offered by appellant, instead of breaking the State's case, serves to strengthen it. The son of defendant places him at home a short time before the homicide must have occurred, which is some distance from where it did occur, in the act of taking a bath and retiring to his bed to sleep. The wife of appellant testified that he did go to bed on a cot in the same room with her, but that, some time afterwards, he awakened her by coming into the room in his night clothes. What he got up and went

out for, or how he came to leave his own premises and go out in his night clothes to the place where Smith was found dead the next morning, is not disclosed. Indeed, as stated before, this testimony of appellant's wife and son, instead of elucidating or corroborating the statement of appellant, that he saw Alvin Hope leaving the scene of the homicide, serves to mystify and render improbable his account of it, and, even if it be conceded that these witnesses spoke the truth, their testimony tended rather, in our opinion, to support the evidence of the State. We think the testimony sufficient to sustain the verdict, and, there being no error of record, the judgment is affirmed.

*Affirmed.*