## JIM SCHOONMAKER v. THE STATE.

### No. 973.   Decided May 20th, 1896.

**Extortion—Recognizance on Appeal.**

"Extortion" is not an offense eo nomine, and a recognizance on appeal from a conviction for extortion by an officer, in demanding and receiving higher fees than allowed by law, which recites the offense as "extortion," is insufficient; it should recite the essential ingredients of the offense.

APPEAL from the County Court of El Paso. Tried below before Hon. F. E. HUNTER, County Judge.

Appeal from a conviction for demanding and receiving, as an officer (a deputy sheriff), more fees than are allowed by law; penalty, a fine of $25.

The opinion states the case.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted, under Penal Code, Art. 240 (New Code, Art. 256), of receiving, as an officer, illegal fees or money, to which he was not entitled, from Frankie Hamilton. The

recognizance recites that the appellant stands charged with and convicted of "extortion." "Extortion" is not an offense in this State eo nomine. Article 240 reads as follows: "If any officer authorized by law to demand or receive fees of office, or any person employed by such officer, shall willfully demand or receive higher fees than are allowed by law, or shall willfully demand or receive fees not allowed by law, he shall be punished by fine not less than twenty-five nor more than one hundred dollars for each offense." It is well settled in this State with reference to reciting the offense in the recognizance on appeal to this court that, if the offense is not one eo nomine, the essential ingredients of that offense must be stated in the recognizance. This has not been done in this case, "extortion" not being an offense eo nomine. The recognizance fails not only to recite the offense set out in the indictment, but fails to recite any offense, wherefore it is fatally defective. See, Baizey v. State (Tex. Crim. App.) 30 S. W. Rep., 358; Loven v. State, Id.; Pace v. State (decided at Tyler Term, 1895), 32 S. W. Rep., 697. For other authorities, see, Willson's Crim. Stat., §§ 1794, 2650. The appeal is therefore dismissed.

*Dismissed.*