## J. B. JOHNSON v. THE STATE.

### No. 1122. Decided June 2, 1897.

**Extortion—In Receiving Higher Fees than Allowed by Law—Recognizance on Appeal.**

"Extortion" is not an offense eo nomine, and a recognizance on appeal from a conviction of an officer for receiving higher fees than allowed by law is fatally defective where it recites that defendant stands charged with "*extortion*." In such case, the constituent elements of the offense must be set out in the recognizance.

APPEAL from the County Court of Crockett. Tried below before Hon. CHARLES E. DAVIDSON, County Judge.

Appeal from a conviction for receiving, as county attorney, higher fees than allowed by law; penalty, a fine of $25.

The Assistant Attorney-General moved to dismiss the appeal because the recognizance was fatally defective.

*J. B. Johnson,* in propria persona.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted, under article 256 of the Penal Code, for willfully receiving higher fees as county attorney than authorized by law. The recognizance recites that the defendant stands charged with the offense of "extortion." The Assistant Attorney-General moves to dismiss the appeal, because the recognizance recites no offense against the law. Extortion is not an offense eo nomine. Therefore, in stating the offense in the recognizance, the constituent elements of the offense must be set out. See Schoonmaker v. State, 37 Texas Crim. Rep., 424. This was not done, and the motion is sustained, and the appeal is dismissed.

*Dismissed.*