## WALTER GRADY V. THE STATE.

### No. 3170.   Decided November 15, 1905.

**1.—Perjury—Alibi—Corroboration.**

On trial for perjury the corroborative testimony meant by the statutes must be stronger than that which corroborates an accomplice; it must be tantamount to a witness, and the expression of the defendant, "I done you wrong, we can settle it," in a case where he had proved an alibi, is not equivalent to a confession, or to the testimony of a witness, and does not satisfy the requirement of the statutes in a case of perjury.

**2.—Same—Verdict by Lot—Jury and Jury Law.**

Where the evidence showed that the jury did not agree beforehand to be bound by the number of years which the drawing by lot would establish, the verdict was not by lot.

Appeal from the District Court of Fayette.   Tried below before Hon. L. W. Moore.

Appeal from a conviction of perjury; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Brown & Lane* and *E. H. Moss,* for appellant.—On question of insufficiency of evidence:   Carter v. State, 43 S. W. Rep., 996; Butler v. State, 38 id., 46; Walters v. State, 17 id., 226; Gabrielsky v. State, 13 Texas Crim. App., 428; Buie v. State, 43 Texas, 532; Cox v. State, 13 Texas Crim. App., 479.   On question of misconduct of jury: Good v. State, 66 S. W. Rep., 1099; 67 id., 102; McGill v. State, id., 1018; Parker v. State, 3 id., 100.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at four years confinement in the penitentiary; hence this appeal.

Appellant questions the conviction on the ground of the insufficiency of the evidence.   He insists that our statute requires in cases of perjury, "that no person shall be convicted, except upon the testimony of two credible witnesses or of one credible witness strongly corroborated by other evidence as to the falsity of defendant's statement under oath, or upon his own confession in open court," and that the proof here does not come up to the requirements of the statute.   In order to present the point, we make a brief statement of the case. Hanson was being tried for an alleged rape on Ida Allen.   Appellant was a witness for Hanson, and proved an alibi for him at the time said rape was alleged to have been committed; that is, the record shows that Ida Allen lived with her husband, Will Allen, some two miles from a negro church, near Muldoon, in Fayette County.   On

the night in question, Will Allen; together with Hanson, Emma Hanson (his wife) and Katie Scott, left the Allen residence, ten or fifteen minutes after 7 o'clock, to attend a church some two miles distant; that it would take them thirty or forty minutes to walk to said church; they left at the Allen residence, Ida Allen (who complained of being unwell) and her three small children. She testified that, between 8 and 8:30, Hanson returned to her residence, evidently getting in through a back window, and when she first knew of his presence he was on top of her, covering her head with her clothes, and having intercourse with her; that she beat him off as best she could, but he succeeded; that he remained and talked with her, and she recognized him. To this charge, Hanson proved a very complete alibi. That is, he showed that he remained outside of the church, but close by in the yard, until about fifteen minutes to 9 o'clock; that thereafter he went into the church, and remained during the services. Among other witnesses testifying to the same was appellant. The State rebutted Hanson's theory of alibi, which related to his presence in the church. The State also proved that Hanson was arrested the next morning by Will Allen (husband of the injured woman) and Ringgold. Hanson asked what he was arrested for, and Allen said, "You know." Hanson replied, "I done you wrong, we can settle it." In our view of the case, this was the only testimony corroborative of that of witness Ida Allen, who testified positively that Hanson was the party who raped her. We understand the corroborative testimony meant by the statute is stronger than that which corroborates an accomplice. The latter only requires that the proof tend to connect defendant with the offense charged. Perjury requires the corroborative testimony to be tantamount to a witness. Now, if Hanson had confessed outright to the rape of Ida Allen, this undoubtedly would have been sufficient, but he merely says, "I done you wrong, we can settle it." What wrong is not stated. Nor is it shown up to this time for what Hanson was arrested. It does not occur to us that this meager bit of testimony is equivalent to a confession of Hanson, or is equivalent to the testimony of a witness. Consequently we hold that the evidence is not sufficient to support the verdict.

Question is raised as to the misconduct of the jury. Under the proof adduced on this subject before the court, we believe the misconduct was not sufficient to reverse the case. We do not believe the evidence showed that the jury beforehand agreed to be bound by the number of years which the drawing by lot would establish. In fact, they were not so bound. Pruit v. State, 30 Texas Crim. App., 156; Gaines v. State, 37 S. W. Rep., 331.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*