JESSE AUSTIN v. THE STATE.

No. 3064.   Decided March 25, 1914.

Rehearing denied April 15, 1914.

**Carrying Pistol—Charge of Court—Intent.**

Where defendant claimed that he carried the pistol because he had been informed that a certain man had made indecent and improper proposals to his wife and that he was going to demand an explanation, this would not permit him to carry a pistol, although the mission may have been lawful.

Appeal from the County Court of Polk. Tried below before the Hon. P. R. Rowe.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Holshousen & German*, for appellant.—On question of right to arm himself: Gant v. State, 55 Texas Crim. Rep., 284, 116 S. W. Rep., 801.

On question of intent: Waddell v. State, 37 Texas, 354; Mangum v. State, 15 Texas Crim. App., 362; Quinn v. State, 50 Texas Crim. Rep., 209, 96 S. W. Rep., 33.

*C. E. Lane*, Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully carrying a pistol. He contends that if in fact he had a pistol on the occasion, he had been informed that George Johnson had made indecent and improper proposals to his, appellant's wife, which had been communicated to him, and he had gone to see Johnson to demand an explanation of his conduct. It may be that appellant's mission was perfectly legal and lawful, yet if all men were permitted to carry a pistol when on a lawful mission, this would in effect work a repeal of the statute against carrying pistols, for nearly all men would nine-tenths of the time, at least, under such construction, be lawfully authorized to carry a pistol. This court has never, and we can not get our consent now to thus nullify this provision of the Code. The court did not err in refusing to give the special charge presenting this phase of the case.

The evidence supports the verdict, and the judgment is accordingly affirmed.

*Affirmed.*

[Rehearing denied April 15, 1914.—Reporter.]