S. E. Melton v. The State.

No. 4514. Decided October 3, 1917.

Perjury—Accomplice Testimony—Charge of Court.

Where, upon trial of perjury, charging defendant with said offense before the grand jury where he had falsely testified that he had not played at a game of cards in the county of the prosecution, etc., and the conviction depended upon the testimony of three witnesses, and the testimony of one at least was that they had made an agreement with defendant not only not to testify but to testify falsely that they had not played nor seen said game played, etc., this, if true, made them accomplices to the offense of perjury and a charge upon that phase of the testimony should have been submitted as requested by the defendant. Following Conant v. State, 51 Texas Crim. Rep., 610, and other cases.

Appeal from the District Court of Hale. Tried below before the Hon. R. C. Joiner.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Y. W. Holmes* and *W. W. Kirk,* for appellant.—Hines v. State, 10 S. W. Rep., 448; Smalley v. State, 127 S. W. Rep., 225; Hightower v. State, 165 S. W. Rep., 184; Womack v. State, 175 S. W. Rep., 195; Zollicoffer v. State, 16 Texas Crim. App., 312; Conant v. State, 51 Texas Crim. Rep., 610, 103 S. W. Rep., 897; Brown v. State, 125 S. W. Rep., 915; Williams v. State, 25 S. W. Rep., 629.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant prosecuted this appeal from a conviction for perjury. He has a great number of bills of exceptions. It is unnecessary to state or discuss them as it is believed none of them present any reversible error except his fourteenth, the one we will discuss.

The indictment based the charge of perjury against appellant wherein he swore before the grand jury that he had not played a game of cards in Hale County between January 1 and February 16, 1916, and that he had seen no one during that time play a game of cards. The State alleged that his testimony was false in both of these particulars. The State introduced three witnesses, Rushing, Cox and Patrick, each of whom testified in substance that they with others and appellant played a game of cards on or about February 14, 1916, giving the place which was in Hale County, but not at any residence. Their testimony, and the testimony of neither of them was corroborated by any other testimony. It seems that each of these witnesses were witnesses before the grand jury on February 16th and each at the time denied that he had played a game of cards at the time and place indicated, and denied that he had seen any other there play. Later, however, each swore what he said was the truth, to the effect that he and others, including appellant, played cards at said time and place. Rushing swore on cross-examination that when he at first testified before the grand jury he had not played or seen a game played, that his testimony was not true but that he had sworn the truth on this trial that appellant had played and had seen the said game played, they all participating therein. He swore: "The reason I told the grand jury that I had not was, well, by agreement among the boys that played in the game they wouldn't testify." On redirect examination he swore: "You asked me if all of us boys were present agreed that we would go before the grand jury and testify that we did not play a game of cards; well, will say, it was understood we would stand pat. I can't say that we were all present. I can't state who had this agreement. We were most all of us together.

I can't state positively we all agreed, but it was understood. In a way, we did have an agreement, but I can't swear to it. It was understood amongst us we would all stand pat. I don't know that we all met. You asked me if we passed the word around. Yes, sir; something similar to that. No, sir; we didn't get together at any time and have any agreement that we would not testify." He further testified on another redirect examination: "Mr. Hatchell, you asked me if we boys entered into an agreement that we would go before the grand jury and testify that we did not play a game of cards, will say we never did get together and make any agreement, I don't think."

Appellant contends that this evidence was sufficient to raise the question that these three witnesses were accomplices of appellant in his said alleged false testimony. We think his contention is correct. The fact that these witnesses agreed with appellant and the others, or any of them, not to testify, or the fact that they played in the said game, would not make them accomplices of appellant wherein he swore before the grand jury that he did not play and that he saw no one play a game of cards. (Warren v. State, 60 Texas Crim. App., 468.) But this evidence by Rushing did not stop at that, it went further, sufficient to raise the question that they agreed not only not to testify but to testify falsely that they had not played or seen said game played. If these are the facts then these three witnesses, or such of them as were parties, either directly or indirectly, to any such agreement, would be accomplices and the conviction could not be sustained upon their testimony alone. (Conant v. State, 51 Texas Crim. Rep., 613.) The appellant in proper time asked a charge submitting this question to the jury as shown by his said bill, and the court erred in refusing to submit that question to the jury. If these witnesses were accomplices of appellant as stated, a conviction for perjury against appellant could not be sustained upon their testimony alone. If, however, they were not accomplices of appellant as shown above, then they might be such witnesses upon whose testimony a conviction could be sustained.

For the error in the court's refusal to submit this question to the jury under the testimony as it appears in the record the case is reversed and the cause remanded.

*Reversed and remanded.*