## S. E. Melton v. The State.

### No. 5082.   Decided December 18, 1918.

**1.—Perjury—Accomplice—Charge of Court.**

Where, upon trial of perjury, the State relied on the evidence of two witnesses whom the jury might have concluded entered into a conspiracy to commit perjury, the court's charge that before they could convict they must find, if one of the witnesses was an accomplice' and the other not, that the false statement was corroborated by one credible witness and strongly corroborated by other evidence, when there was no corroborative evidence, the same was reversible error.

**2.—Same—Statute Construed—Rules Stated—Corroboration.**

In perjury the statute has been construed to differ from the general statute requiring corroboration of an accomplice's testimony, and there must be either two credible witnesses or evidence equivalent thereto, and an accomplice is not a credible witness in this sense. Following Grady v. State, 49 Texas Crim. Rep., 3, and other cases.

**3.—Same—Practice on Appeal.**

Where matters presented in the bills of exception are not such as would likely occur again they need not be discussed on appeal.

**4.—Same—Presentation of Indictment.**

The bill of exceptions relating to the manner in which the indictment is presented is without merit; besides, the minutes of the court could have been corrected.

Appeal from the District Court of Hale. Tried below before the Hon. R. C. Joiner.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Y. W. Holmes,* for appellant.—On question of presentation of indictment: Rust v. State, 19 S. W. Rep., 763.

On question of corroboration: Morris v. State, 81 Texas Crim. Rep., 604, 156 S. W. Rep., 1172, and cases cited in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—The appeal is from a conviction of perjury. Defendant testified before the grand jury that he had not played cards in Hale County since January 1, 1916, and had not seen others do so.

To establish the falsity of this testimony, the State relied on the evidence given by the witnesses Cox and Patrick, each of whom testified that he had played a game of cards with appellant in Hale County since January 1, 1916, and prior to the time appellant gave his evidence before the grand jury. The cross-examination of these witnesses developed facts from which the jury might have concluded that they entered into a conspiracy with appellant to commit perjury in suppressing the facts in regard to the game of cards mentioned. This evi-

dence was held in the former appeal of this case to justify the inference that they were accomplices. Melton v. State, 81 Texas Crim. Rep., 604, 197 S. W. Rep., 715.

The court instructed the jury that if they believed that both of these witnesses were accomplices, to acquit appellant, and if they found one of them to be an accomplice and the other not one, then before they could convict they must find the false statement has been established by one credible witness and strongly corroborated by other evidence. The correctness of this instruction was challenged on the ground that it was an indication that there was other evidence sufficient to corroborate an accomplice, and because there was an absence of such other corroborating testimony, a special charge was also requested to the effect that corroboration could not be supplied by an accomplice but that it must come from other sources.

In perjury the statute requires that the proof of the falsity of the statement declared on must be established by two credible witnesses, or by one such witness strongly corroborated by other evidence. This statute has been construed to differ from the general statute requiring corroboration of an accomplice's testimony, in that in such statute it is required only that the corroborating evidence *tend* to connect the accused with the commission of the offense, while in the statute on perjury there must be either two credible witnesses, or evidence equivalent thereto. This may be supplied by circumstances coming from credible or strongly corroborated witnesses; but it can not be supplied by one credible witness and one who is not a credible witness, such as an accomplice. Grady v. State, 49 Texas Crim. Rep., 3; Beach v. State, 32 Texas Crim. Rep., 240; Branch's Ann. P. C., sec. 851.

In the record before us we fail to find other evidence of the falsity of the evidence given by appellant before the grand jury than that of Cox and Patrick. If these witnesses were believed by the jury to be accomplices, the appellant, under the record, should have been acquitted; and if one of them be an accomplice a like result should follow upon another trial unless there be further testimony which would corroborate that of the accomplice.

The third and fifth paragraphs of the charge are subject to criticisms, which, while possibly not such as to require reversal, are such as will doubtless be avoided in the event of another trial.

The bills relating to the manner in which the indictment was presented, we think, are without merit. The statute seems to have been complied with. Vernon's C. C. P., art. 451, note 193. If the minutes required correction the record authorized the entry nunc pro tunc.

The matters presented in the other bills are not such as require discussion as they relate to incidents of the trial not likely to occur again.

The error pointed out requires a reversal of the judgment, which is ·ordered.

Reversed and remanded.

*Reversed and remanded.*

PRENDERGAST, Judge.—I am in doubt on the question on which a reversal is ordered and express no opinion.