## I. B. WOOTEN V. THE STATE.

### No. 6581.    Decided February 15, 1922.

**1.—Perjury—Credible Witness—Accomplice—Statuets Construed—Rule Stated.**

It has been held in previous decisions that within the meaning of the statute, article 806, C. C. P., an accomplice is not a credible witness; that is, if he was a party with the accused to a conspiracy to give false testimony; but, where the evidence showed that the alleged accomplice was only such

by reason of a previous crime of burglary, into which the grand jury was investigating when the defendant testified before it, this does not come under the rule. Distinguishing Conant v. State, 51 Texas Crim. Rep., 612, and other cases.

### 2.—Same—Charge of Court—Circumstantial Evidence—Credible Witness.

If the alleged accomplice in the prior offense of burglary is regarded as a credible witness, the circumstances in the case were sufficient to support the finding by the jury that they furnished strong corroboration within the meaning of the statute and the judgment of conviction would, therefore, be sustained. However, where this theory was not submitted to the jury and they were authorized to convict under the charge of the court, if they regarded the said witness as other than a credible witness, the same was reversible error.

Appeal from the District Court of Llano. Tried below before the Honorable J. H. McLean.

Appeal from a conviction of perjury; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Flack & Flack*, for appellant. Cited Godby v. State, 227 S. W. Rep., 192, and cases cited in opinion.

*R. G. Storey*, Assistant Attorney General, for the State. Cited Beach v. State, 32 Texas Crim. Rep., 240.

MORROW, Presiding Judge.—The conviction is for perjury. According to the averments in the indictment, appellant appeared before the grand jury, where material inquiry was made whether appellant's son was near the building occupied by Inks & Watkins and took therefrom certain automobile casings; that he falsely testified that said T. B. Wooten was in his (I. B. Wooten's) house in the town of Llano from fifteen minutes after twelve A. M. on the 9th day of July, until four o'clock A. M., and never left said house during that time.

The matter under investigation was the connection of T. B. Wooten with a burglary, which, according to the State's contention, took place upon the date and within the hours named above. There was evidence that the testimony was given as charged, and that it was material in that, if true, it went to establish an alibi for T. B. Wooten. The fact that the burglary took place was proved and the State relied upon circumstances, and upon the testimony of Arthur Smith to show the connection of T. B. Wooten with the burglary and his presence there at the time the appellant is charged to have testified that he was elsewhere. Arthur Smith testified categorically that the burglary was committed; that he and T. B. Wooten and Capps were present and participated.

Appellant insists that Arthur Smith was not a credible witness and that his testimony could not be a factor in appellant's conviction.

In a perjury case, no conviction can be had unless there be testimony of two credible witnesses or of one credible witness corroborated strongly by other evidence to the falsity of the oath of the accused unless he shall make confession. Code of Crim. Proc., Art. 806. In Conant's case, 51 Texas Crim. Rep.. 612, this court declared that within the meaning of this statute, an accomplice was not a credible witness. Affirmance of this view was made in Melton's case, 84 Texas Crim. Rep., 398, 207 S. W. Rep., 316. It is revealed by facts in those cases that the witnesses relied upon by the State was a particeps criminis in the perjury. That is to say, he was a party with the accused to a conspiracy to give false testimony. Such is not the case before the court. The witness Smith has no connection with the offense of perjury. According to his testimony, he and appellant's son acted together in committing the burglary into which the grand jury was investigating when the appellant testified before it. This investigation was subsequent to the burglary and disconnected from it. If the appellant committed it, he acted alone upon a motive different from that which impelled the burglary. Appellant's object, if he swore falsely, was to shield his son from prosecution for the burglary. The evidence touching the status of the witness Smith differs essentially from that which discredited the witness in Conant's case. The evidence relied upon by the appellant to characterize Smith as an accomplice to the perjury is analogous to that relied upon by the appellant in the case of Timmins v. State, 82 Texas Crim. Rep. 267. While the distinction between an accomplice within the terms of the Penal Code (Title 3, Chap. 2.) and an accomplice witness must be observed, note must be taken of the fact that to make one an accomplice witness, he must be criminally connected with the crime on trial. O'Connor v. State, 28 Texas Crim. App. 288, and other cases in Branch's Ann. Texas Penal Code, Sec. 702; Schwartz v. State, 38 Texas Crim. Rep. 26; Tave v. State, 44 S. W. Rep., 178. Smith was not within this rule, and the court was not in error in refusing to tell the jury to disregard his testimony.

Circumstantial evidence was available to the State to establish this offense. Beach v. State, 32 Texas Crim. Rep. 254; Plummer v. State, 35 Texas Crim. Rep. 204; Rogers v. State, 35 Texas Crim. Rep. 234; Hart v. State, 73 Texas Crim. Rep., 362, 166 S. W. Rep. 152; and other cases listed in Branch's Ann. Texas Crim. Rep., Sec. 851; Miles v. State, 73 Texas Crim. Rep., 492; 165 S. W. Rep. 567. In another part of the charge, the court instructed the jury thus:

"Should you conclude that said Arthur Smith is not worthy of belief, then you are instructed that the State's case, if any it has, rests upon circumstantial evidence alone, and, in this connection, you are further instructed, that you cannot convict the defendant upon circumstantial evidence alone, unless the facts constituting the circumstances have been testified to by two credible witnesses, and each fact necessary to the conclusion sought to be established (that is the

falsity of the alleged statement) must be consistent with each other, and with the main fact sought to be proved; and the circumstances, taken together, must be of a conclusive nature, leading, on the whole, to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty that the alleged statement was false and that same was deliberately and wilfully made by the defendant. These circumstances, in their probative force, must be equivalent to the testimony of two credible witnesses, and must, when taken together, exclude every other reasonable hypothesis than that of the defendant's guilt.''

This charge proceeds upon the theory that rejecting the testimony of the witness Arthur Smith, the circumstances are sufficient to meet the measure of the law and sustain the verdict of conviction. The evidence is definite that the burglary was committed; that certain automobile casings were stolen; that the burglary took place some time between the time the garage was closed on the evening of the 8th of July and 6:30 o'clock on the following morning; that on the morning of the 9th, T. B. Wooten was at the home of his sister, about twenty-five miles distant, and that near her residence the stolen property was found secreted; that there are other circumstances indicating that the property was removed in a Ford automobile using Fisk tires, and that the appellant's son was the owner of an automobile of this description and used it in going from Llano to the home of his sister. There is also evidence that on the night the offense was committed, T. B. Wooten and Archie Capps and Smith were in company with each other at places of resort in the town of Llano; that Smith and T. B. Wooten came to the home of appellant about midnight and that appellant's son was there soon after four o'clock on the following morning; that Smith and Capps were there together at about 5:30 A. M. These circumstances appear quite cogent as tending to show that T. B. Wooten was connected with the offense, but whether as a participant or a receiver of the stolen property is not clear and not specially of importance. The question to be tried was the falsity of the appellant's testimony to the effect that T. B. Wooten was at his home from 12:15 to 4:00 A. M. The circumstances detailed are not necessarily inconsistent with the truth of this statement for the reason that the time of the burglary or the time that T. B. Wooten's connection with the offense occurred is not made definite by the circumstances.

Excluding the testimony of Smith, the evidence, as above indicated, reveals that the burglary was committed during the night in question, but the hour of the commission is not revealed. It is true that McLellan says that Capps was called for by some one at 3:00 o'clock, but McLellan was unable to testify to any fact tending to show that at the time Capps was called for, T. B. Wooten was present, and all that is disclosed by the circumstances, the burglary may have been committed before 12.00 o'clock or after 4:00 o'clock; that it

may have been committed by Capps and Smith without the presence of T. B. Wooten, and he may have received and concealed the stolen property. We therefore express the opinion that the circumstances alone are not sufficient to support the conviction. If Smith was, by the jury, regarded as a credible witness, the circumstances are sufficient to support the finding by the jury that they furnished strong corroboration within the meaning of the statute. This theory, we think, should have been put before the jury, instead of the theory that they might convict although they regarded Smith as other than a credible witness.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*