### Riley Williams v. The State.

No. 11260.　Delivered February 1, 1928.

Rehearing denied March 7, 1928.

**1.—Perjury—Variance—Between Allegation and Proof—For Determination of Jury.**

Where, on a trial for perjury, appellant contended that the proof presented was at variance with the false testimony charged in the indictment. The testimony on this point was conflicting and it was therefore for the jury to settle, they being the exclusive judges of the facts. See Art. 557, C. C. P.; Jacobs v. State, 208 S. W. 917.

**2.—Same—Evidence—Held Sufficient.**

Our statute on the subject of perjury provides that "no person shall be convicted, except upon the testimony of two credible witnesses, or of one credible witness, corroborated strongly by other evidence as to the falsity of the defendant's statement, under oath, or upon his own confession in open court." In our opinion the proof in this case fully meets the requirements of this statute. See Beach v. State, 32 Tex. Crim. App. 254, and other cases cited in original opinion.

**3.—Same—Requested Charge—On Credibility of Prosecutrix—Properly Refused.**

Where, on a trial for perjury, excluding the testimony of prosecutrix, the facts and circumstances testified to by more than two credible wit-

nesses, are conclusive to the effect that appellant could not have seen what he testified to having seen, and which was made the predicate for the perjury charge, and under this state of facts the court would have been unauthorized to instruct the jury to acquit, if they found such witness was not credible. See Plummer v. State, 33 S. W. 223.

ON REHEARING.

**4.—Same—No Error Disclosed.**

Our examination of the motion for rehearing, in the light of the record, leaves us of the opinion that upon the original hearing, the proper disposition was made of the case, and the motion is overruled.

Appeal from the District Court of Montague County. Tried below before the Hon. Vincent Stine, Judge.

Appeal from a conviction for perjury, penalty two years in the penitentiary.

The opinion states the case.

*Latham & Newman* of Bowie, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is perjury, the punishment confinement in the penitentiary for two years.

It was a material inquiry in the trial of Odie Case for rape whether the injured party, Gracie Caton, had prior to September 8, 1925, had sexual intercourse with any male person. The indictment charged that appellant testified on the trial of said rape case "that on the 25th day of June, 1925, when about 150 yards from the place where the road, which runs from the old Matney place to the new Matney place, crosses the creek, he saw Gracie Caton in the bed of said creek, about 150 yards below said crossing, having sexual intercourse with a large, blackheaded man wearing a black hat, blue overalls and blue jumper." In a second assignment it was charged that appellant testified, on the trial of said case, "that on the 25th day of June, 1925, when standing at or near the place where the road, which runs from the old Matney place to the new Matney place, crosses the creek, he saw Gracie Caton in the bed of the creek, about 150 yards below said crossing, having sexual intercourse with a large, blackheaded man, wearing a black hat, blue overalls and blue jumper." These assignments were properly traversed.

Appellant contends that the proof failed to sustain the allegation that he witnessed the act of intercourse on June 25, 1925, and asserts that a fatal variance resulted from the fact that the

evidence, as he claims, showed that he testified on the trial of the rape case that the occurrence concerning which he testified was some time in June, 1925. Upon the theory that there was a variance between the proof and allegation as to the date of the occurrence, appellant predicated objections to the testimony of several witnesses to the effect that he testified on the trial of the rape case that he witnessed the act of intercourse some time during June, 1925. Further, on this theory, he requested a peremptory instruction of acquittal. Bills of exception Nos. 1 and 17, respectively, manifest the complaints in question.

The testimony on the point in question was conflicting. The question was, therefore, for the jury, who were the exclusive judges of the facts. Article 657, C. C. P. This court is not authorized to disturb the finding of the jury upon conflicting evidence, where such evidence is sufficient if believed by the jury. Jacobs v. State, 208 S. W. 917.

Gracie Caton, prosecutrix on the trial of Odie Case, testified on the trial of the instant case that the act of intercourse testified to by appellant did not take place. Appellant testified on the trial of Odie Case and on the instant trial that the act of intercourse did take place and that he saw it. T. F. Belew, West Morrow, Henry Walker, E. J. Fancher and T. H. Yarbrough, whose credibility as witnesses was not attacked, testified for the state that it was and would have been impossible for appellant to have seen an act of intercourse where he claimed he saw it. This was accounted for by the heavy timber in the vicinity of the point at which he claimed to have been and the depth and crookedness of the creek. On the issue of the position of appellant and Gracie Caton as described in the assignments of perjury, the court reporter testified, in substance, that as he recalled the testimony of appellant on the trial of Odie Case he testified that when he first saw Gracie Caton he, appellant, was standing about 150 yards from where the road crossed a creek; that he, appellant, was at a gate, and that Gracie Caton was down in the creek about 150 yards below the crossing; that it was his recollection that appellant did not testify that he saw Gracie Caton having intercourse while he, appellant, was standing at the gate, but that he, the witness, would not be positive about that; that on the trial of Odie Case appellant was asked whether he could look across 150 yards from the gate and see a man and woman lying down in the bed of the creek, and that appellant answered in the. affirmative; that appellant testified at one point that at the time he witnessed the occurrence Gracie Caton was 150 yards up the creek; that it was

the recollection of the witness that appellant testified that when he got down to the creek he saw Gracie Caton in an act of intercourse. Henry Walker, a witness for the state, testified, in substance, that appellant testified on the trial of Odie Case that when he was at the gate in question he saw Gracie Caton and a man whom he didn't know, but whom he described, about 150 yards from where the road crosses the creek, and that they were down the creek. Henry Yarbrough, a witness for the state, testified, in substance, that appellant testified on the trial of Odie Case that he was at the gate when he saw Gracie Caton about 150 yards below the creek crossing; that he, appellant, went down where the road crosses the creek and there saw a man and Gracie Caton having sexual intercourse at a point 150 yards below the crossing. Appellant testified that if the record showed that he had testified on the Odie Case trial that he was in a position described in the assignments of perjury it was a mistake; that he was within 84 feet of the parties when he witnessed the act of sexual intercourse and was not at the point described in the indictment. Appellant further denied that he saw the parties while he was at the crossing and stated that if he made such statement on the trial of Odie Case he was mistaken. The state offered in evidence a map drawn by appellant at the time he was testifying on the trial of Odie Case, which appears to support the theory of the state that appellant testified on the trial of Odie Case that he was at the gate when he first saw Gracie Caton and at the crossing when he next saw her, and that she was 150 yards from the position he occupied when he saw her. The state's testimony further shows that the road traveled by appellant on the date in question runs from the old Matney place to the new Matney place, and that appellant was traveling in the direction of the new Matney place; that after crossing the creek one would travel about 150 yards before reaching the new Matney place; that the sand bar in the creek on which appellant claimed to have seen Gracie Caton could be seen from the new Matney house, although it could not be seen from the gate testified to by the witnesses or from the creek crossing; that from the positions appellant testified that he occupied at the time he witnessed the occurrence in question one could not see either up or down the creek for 150 yards.

Appellant contends that the court erred in submitting over his objection the second assignment of perjury, asserting that there was no evidence to sustain it. We are unable to reach the con-

clusion that his position is well taken. As we understand the record, both assignments were supported by the testimony.

Neither are we in accord with appellant's contention that the evidence is insufficient to sustain the verdict of the jury and the judgment rendered thereon. Several witnesses testified to facts and circumstances which were sufficient to authorize the jury to conclude that appellant's testimony on the trial of Odie Case concerning Gracie Caton was false. Our statute on the subject of perjury provides that "no person shall be convicted except upon the testimony of two credible witnesses, or of one credible witness corroborated strongly by other evidence as to the falsity of the defendant's statement under oath, or upon his own confession in open court." Art. 723, C. C. P. Circumstantial evidence is available to the state to establish the offense of perjury. Beach v. State, 32 Tex. Crim. Rep. 254; 22 S. W. 976; Plummer v. State, 35 Tex. Crim. Rep. 204, 33 S. W. 228; Rogers v. State, 35 Tex. Crim. Rep. 221, 32 S. W. 1044; Hart v. State, 73 Tex. Crim. Rep. 362, 166 S. W. 152; Miles v. State, 73 Tex. Crim. Rep. 493, 165 S. W. 567; Wooten v. State, 237 S. W. 921.

The case was tried on the theory that rejecting the testimony of the witness Gracie Caton the circumstances were sufficient to meet the requirements of the law and sustain the verdict of conviction. Appellant contended on the trial of the case and now contends that the court should have submitted to the jury the issue as to the credibility of the witness Gracie Caton. Her credibility was assailed by appellant. The court properly defined credible witness, but refused to submit to the jury appellant's requested instruction covering the issue of the credibility of said witness. Appellant also timely objected to the charge of the court for its failure to submit the issue. Excluding the testimony of Gracie Caton, the facts and circumstances testified to by more than two credible witnesses are conclusive to the effect that appellant could not have seen Gracie Caton and a man engaged in an act of sexual intercourse if he and said parties had occupied the positions described in the assignments of perjury. Appellant contended that he saw the parties in an act of sexual intercourse, but denied that he was in the position described in the indictment and states that if he testified that he was in such position he was mistaken. The court submitted the issue of mistake to the jury. The question was whether appellant saw Gracie Caton in an act of intercourse. His statement that he did tended to prove that she was unchaste. The question of her chastity was material. As stated by Underhill on Criminal Evidence, Third Edition, Sec. 681, "the evidence

which is alleged to be false is material if it prove or tend to prove or to disprove any fact which itself was material." The state showed by facts and circumstances which met the measure of the law that appellant had testified on the trial of Odie Case to the facts alleged in the assignments of perjury, and that in truth and in fact he could not have witnessed an act of intercourse from the positions he testified that he had occupied. The circumstances aside from the testimony of Gracie Caton, being sufficient to support the verdict of the jury, the court correctly refused to submit to the jury the issue of the credibility of said Gracie Caton. As requested by appellant, the instruction on this issue would have advised the jury, in substance, that if they did not believe that Gracie Caton was a credible witness they would acquit appellant. Circumstantial evidence being available to the state and the facts and circumstances upon which the conviction was sought having met the measure of the law, the court would have been unauthorized to instruct the jury to acquit if they found that the witness was not credible. See Plummer v. State, 33 S. W. 228.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our examination of the motion for rehearing in the light of the record leaves us of the opinion that upon the original hearing the proper disposition was made of the case.

The motion is overruled.

*Overruled.*