## C. H. CONANT v. THE STATE.

### No. 3435.   Decided June 19, 1907.

**1.—Perjury—Charge of Court—Fact Testified to by Defendant.**

The court may select one or more of the assignments of perjury and inform the jury of their materiality, but to affect the party accused of perjury, there must be an averment in the indictment that he swore to false testimony, and the jury should be informed by the charge of the court which assignment or assignments of false testimony is submitted to them as the basis for their verdict; and where the charge failed to state any testimony given by defendant upon the trial during which he is alleged to have testified falsely, as alleged in the indictment, there was reversible error.

**2.—Same—Qualified Witnesses—Accomplice—Number of Witnesses.**

Where upon trial for perjury the State relied on the testimony of an accomplice, it was error to charge that if the jury found the testimony of the accomplice true that then his testimony must be corroborated. The accomplice was a discredited witness and there must be at least one credible witness, independent of the accomplice, in order to convict for perjury; the court's charge did therefore not present the law in regard to the quantum of proof when an accomplice is used as a witness.

**3.—Same—Charge of Court—Credible Witness—Conspiracy.**

Where upon trial for perjury the evidence showed that the principal State's witness, with defendant and others entered into a conspiracy to swear falsely for money, and that they carried out their conspiracy, said witness was not only an accomplice but guilty of different felonies which destroyed his character as a credible witness, and the court should have so informed the jury.

Appeal from the District Court of McLennan.   Tried below before the Hon. Sam R. Scott.

Appeal from a conviction of perjury; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Sanford & Denton,* for appellant.—Under our law an accomplice is not a credible witness within the meaning of the perjury statutes, and in a prosecution for perjury where there is accomplice testimony, it is the duty of the court to charge the jury that if they believe that the witness is an accomplice he cannot be considered as one of the two credible witnesses, or the one credible witness corroborated strongly by other evidence, upon whose testimony a conviction can be had.   Code Crim. Proc., Rev. Stats, 1895, art. 786; Code Crim. Proc., Rev. Stats. 1895, art. 781; Beach v. State, 32 Texas Crim. Rep., 240; Muely v. State, 19 S. W. Rep., 915.

*F. J. McCord,* Assistant Attorney-General, for the State.—If the State is to be restricted in its proof, only to the very words set out in the bill of indictment, and if this should be the rule established it would make it impossible to draw an indictment for perjury.

We invite the court's attention to the various decisions upon this subject, by this court.   State v. Lindenburg, 13 Texas, 27; Williams v. State, 28 Texas Crim. App., 301; McDonough v. State, 11 Texas Ct.

Rep., 972. On question of testimony of accomplice: Barton v. State, 14 Texas Ct. Rep., 855.

DAVIDSON, Presiding Judge.—This is a conviction for perjury. The indictment contains several assignments of alleged false testimony as having been committed upon the trial of Rice charged with murder.

The court instructed the jury: "The perjury charged in this case is alleged and based upon the following assignments, which I charge you are material, and if legally proven to your satisfaction *beyond,* are sufficient to warrant a conviction, to wit:

"1st. Whether C. H. Conant and J. A. Prather were together in the Royal Bar Saloon at all just before the shooting of Luther Phelan by Mark Rice.

"2nd. Whether J. A. Prather was in the Royal Bar Saloon just before said shooting and had an opportunity to see and hear what passed between said Phelan and Rice just before the shooting.

"3rd. Whether said Luther Phelan armed himself with a pistol just before the shooting.

"Now if you believe from the evidence, beyond a reasonable doubt, that the defendant made the alleged false statement, or either one of such statements, as above set forth, in the County of McLennan and State of Texas, and that the falsity of said statement so made (if any) has been established by the testimony," etc. There are several criticisms urged to this portion of the charge. It will be observed that the charge does not state any testimony given by appellant upon the trial of Rice. It only informs the jury that it was material whether Conant and Prather were at the Royal Bar Saloon before the shooting of Luther Phelan by Rice, and that it was material whether Prather was in said saloon before the shooting, and had an opportunity to see what passed between Phelan and Rice just before the shooting, and whether Phelan armed himself with a pistol prior to the shooting. This does not state a fact testified by appellant. If appellant swore on the trial of Rice that appellant and Prather, or either of them were in the Royal Bar Saloon at the time of the shooting of Phelan by Rice, or that it was material that Phelan secured a pistol just preceding the homicide, it could not affect appellant one way or another, unless he had sworn falsely to some material fact occurring at the time in connection with the case, and which was material in the case of Rice while he was being tried for the homicide of Phelan. If appellant testified that he was in the Royal Bar Saloon, or that he and Prather were in the saloon, just before the shooting, or that Phelan secured a pistol just prior to being shot by Rice, it might become material evidence, if Rice was relying upon such facts to escape responsibility for shooting Phelan, but this charge does not recite that appellant swore to any of those facts. The charge simply informs the jury that it was material whether these parties were there. That the court may select one or more of the assignments of perjury, and

inform the jury of their materiality is a correct proposition, but to affect the party accused of perjury, there must be an averment in the indictment that he swore to false testimony, and the jury should be further informed by the charge which assignment or assignments of false testimony are submitted to them as a basis for their verdict. It is only the alleged false testimony of the accused which constitutes the assigned perjury, and unless the accused swore to the assigned facts, it would make no difference how material the court might state the issues to be. It is only the false testimony alleged which forms a basis of the perjury, and the facts regarded as material and alleged so to be should be specifically pointed out in the charge. The charge is not sufficient in this respect. The charge does not state the facts contained in the indictment.

The court, after having given the stereotyped charge in regard to accomplice testimony, proceeded to instruct the jury as follows: "If you find from the evidence beyond a reasonable doubt that the testimony of J. A. Prather is true, and you should find from the evidence that said J. A. Prather is an accomplice, or if you have a reasonable doubt thereof, and if you further find beyond a reasonable doubt that the testimony of said J. A. Prather shows, or tends to show, that the defendant, C. H. Conant, is guilty of the offense of perjury as charged, still you cannot consider his testimony in the case in your deliberations unless you further find that there is other testimony outside of the testimony of J. A. Prather tending to show that the statement, if any, made by the defendant, C. H. Conant, was false. And in this connection you are further charged that by the term credible person is meant a person who, being competent to give evidence, is worthy of belief in a court of justice." Then follows a further charge in which the court informs the jury that all persons are competent to testify in criminal actions except those who are insane, and children without sufficient intellect to relate transactions properly and who do not understand the obligations of an oath, and all persons who have been or may be convicted of felonies in this State or any other jurisdictions, etc. If we comprehend this charge, it informs the jury: First, if they should find Prather's testimony to be true, and that he is an accomplice, and that his testimony shows or tends to show Conant guilty of perjury, they could not convict unless there is other testimony besides his tending to show the falsity of appellant's statements. As we understand the law with reference to accomplices, in the ordinary acceptation of the term, and in ordinary cases, he is a discredited witness, for it makes no difference how true, in fact, his testimony may be, it cannot afford the basis of a conviction. He must be corroborated. This is made so by the statute, and if his testimony is untrue and not believed by the jury, then no amount of corroboration could make his evidence the basis of a conviction. Article 786 of the Code of Criminal Procedure, provides that no person accused of perjury can be convicted except upon the testimony of two credible wit-

nesses, or of one credible witness strongly corroborated by other evidence. An accomplice being a discredited witness cannot be a credible witness under our law of perjury. Therefore, where perjury is the basis of the prosecution, there must be at least one credible witness independent of the accomplice. Without taking up appellant's criticisms seriatim, we are of the opinion that the court's charge does not present the law in regard to the quantum of proof when an accomplice is used as a witness, and we are further of opinion that the court should have informed the jury that Prather was not a credible witness. See Smith v. State, 22 Texas Crim. App., 196; Wilson v. State, 27 Texas Crim. App., 47; Smith v. State, 27 Texas Crim. App., 50; Maines v. State, 26 Texas Crim. App., 14; Kitchen v. State, 29 Texas Crim. App., 46; Beach v. State, 32 Texas Crim. Rep., 241, and Williams v. Bishop, 68 Pac., 1063.

Prather was regarded by the State as a very important witness, and his testimony is to the effect that before the trial of Rice for homicide, he, his brother Ed and appellant entered into a conspiracy to swear to a case of self-defense for Rice; at least, he states substantially that before the trial they had a written statement of evidence, which was prepared by his brother Ed, and that himself and appellant, from this written statement, prepared themselves to and did swear in behalf of Rice on the trial, and that he was to receive money for so swearing, and did receive some of the stipulated sum promised; that among other things, they were to swear that on the night of the killing of Phelan by Rice they were at the saloon where the homicide occurred just prior to its occurrence; that they saw Rice come into the saloon and invite Phelan, who was behind the bar, to take a drink, and that Phelan insultingly declined, which brought about a colloquy, ending in the final tragedy. That Phelan got a pistol, came from behind the bar, and a difficulty ensued, in which Rice took Phelan's life; that he so testified on the trial of Rice, and after so doing, became conscience stricken, returned and informed State's counsel that his testimony was fabricated and false; that he had committed perjury in swearing as he did in behalf of Rice, and he swore upon the trial of appellant that he did so commit perjury. This places Prather strictly within the rule of an accomplice to perjury on Rice's trial. When he, appellant and Ed Prather entered into the conspiracy to testify to facts agreed upon and then executed that conspiracy, by testifying to the facts so agreed upon, he committed deliberate perjury, and under his testimony he then became guilty of three felonies, a conspiracy to commit a felony, accepting a bribe to swear falsely in pursuance of that conspiracy, and the subsequent perjury upon the trial of Rice. Under this condition of things the witness Prather was not only discredited by being an accomplice, and, therefore, not a credible witness, but he deliberately swears to the fact that he was not only a conspirator to commit that perjury in addition, but that he did commit the perjury, and that he received money for testifying falsely. The court should have informed

the jury that under the law the witness Prather was not a credible witness, and could not be so considered by them.

Upon another trial the court should inform the jury, if this witness is used, that he is not a credible person, and appropriate instructions given that his testimony cannot be regarded by them as that of a credible witness.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*