RAYMOND ELDRIDGE v. THE STATE.

No. 12099.   Delivered March 6, 1929.

The opinion states the case.

*Chas. E. Jeffries* and *H. L. Carpenter* of Greenville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is perjury; the punishment confinement in the penitentiary for two years.

The sufficiency of the evidence is challenged. W. A. Phillips was struck by an automobile as he crossed a street in the town of Greenville. He was unable to identity the parties driving the car. The car failed to stop, and its occupants rendered no aid to the injured party. Appellant was duly questioned under oath by the justice of the peace about the matter of striking Phillips. He testified that he was in a car with Jimmie Jeffries at another and different place on the occasion of the accident, and that the car they were in did not strike anybody during the time they were driving it. On the present

trial, Gordon Henley testified that he, appellant, Jimmie Jeffries and Garvis Dugan were in the car that struck Phillips and that Jeffries was driving the car. According to Henley, Jeffries suggested that if they were called upon to testify concerning the matter they would all deny that the car they were driving struck Phillips. Henley testified that all of the parties agreed to deny that they had been on the street on the occasion or that they struck anybody or had been in an automobile. Dugan testified to substantially the same matters as Henley. He stated on direct examination by the state that they did not agree to swear in court that they were not present when Phillips was injured, but they agreed to say that they were not there. On cross-examination he stated that they agreed that "if the officers got hold of us, took us up to headquarters, or took us anywhere, we are not to tell anything about it at all, and we all agreed to that." In answer to a question by the court he said: "Well, they said that if they caught us and found out who it was, we were to tell them we did not know anything about it." Counsel for appellant asked him what he meant by "they." He answered, "the law; the officers or the court, anybody that called on us to testify about it, we all made that agreement as to what we would testify." The witness stated, however, that when they caught him he told the truth. Jeffries was not used as a witness. The district attorney testified, in substance, that appellant had stated to him that he was guilty; that he regretted that he had sworn falsely; that the reason he swore falsely before the justice of the peace was that he and his companions had agreed at the time of the accident that they would swear as he had sworn in order to keep the facts from being found out.

The court charged the jury that Henley was an accomplice and submitted to the jury the question as to whether Dugan was an accomplice. Under the evidence, we are of the opinion that Dugan, as well as Henley, was an accomplice as a matter of law. Such being the case, they were not credible witnesses under our law of perjury. Conant v. State, 103 S. W. 897; Godby v. State, 227 S. W. 192. Article 723 C. C. P. provides:

"In trials for perjury or false swearing no persons shall be convicted except upon the testimony of two credible witnesses, or of one credible witness corroborated strongly by other evidence as to the falsity of defendant's statement under oath or upon his own confession in open court."

In Hernandez v. State, 18 Tex. Cr. Appeals 134, the words "strongly corroborated" used in our statute are defined as follows:

"Our statute, in using the words 'strongly corroborated,' means that the corroborating evidence must relate to a material matter, that is, must tend to show the falsity of defendant's oath, and, taken all together, it must be, in the opinion of both the court and the jury, strong, that is, cogent, powerful, forcible, calculated to make a deep or effectual impression upon the mind."

In Melton v. State, 207 S. W. 316, we said:

"In perjury the statute requires that the proof of the falsity of the statement declared on must be established by two credible witnesses, or by one such witness strongly corroborated by other evidence. This statute has been construed to differ from the general statute requiring corroboration of an accomplice's testimony, in that in such statute it is required only that the corroborating evidence 'tend' to connect the accused with the commission of the offense, while in the statute on perjury there must be either two credible witnesses, or evidence equivalent thereto. This may be supplied by circumstances coming from credible or strongly corroborated witnesses; but it cannot be supplied by one credible witness and one who is not a credible witness, such as an accomplice."

Aside from the testimony of the accomplices, we have the uncorroborated testimony of one credible witness showing the falsity of the statement made by appellant to the justice of the peace. This fails to meet the requirements of the statute.

The evidence being insufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.