## MOLLIE TURNER v. THE STATE.

No. 12295. Delivered March 13, 1929. Rehearing denied State April 17, 1929.

The opinion states the case.

*Vickers & Campbell* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, twenty years in the penitentiary.

There are two bills of exception in the record which will be discussed no further than to say briefly that in our opinion neither presents error. Mr. Branch in Sec. 2095 of his Annotated P. C., cites many authorities in support of the proposition that in every instance where there is proof of threats made by deceased, it is competent to prove his general character in behalf of the State as being that of a man who is kind and inoffensive and not violent or dangerous. Sims v. State, 38 Tex. Crim. Rep. 642. In the case before us practically every witness for the defense testified to numerous threats made by the deceased against appellant prior to the time of the homicide. We think the testimony as to the good reputation of deceased was admissible and that the trial court was in error in rejecting such testimony, and instructing the jury not to consider the testimony of one witness admitted at first but later struck out.

The other bill complains of the admission of testimony as to the good reputation for truth and veracity of Esther Turner, a State witness. It appears in the cross-examination of this witness that she admitted that she had been indicted for this murder. We have said that when a witness is impeached by proof of having been charged with crime, he may be sustained by proof of general good reputation for truth. Coombes v. State, 17 Tex. Crim. App. 264; Farmer v. State, 35 Tex. Crim. Rep. 270. We further observe that both John Turner and Claude Turner swore to statements made to them by Mrs. Esther Turner, which were entirely contradictory of her testimony as given upon this trial. Many collated cases appear in Sec. 184 of Mr. Branch's Annotated P. C. in support of the rule

that when a witness has been impeached or sought to be impeached by proof of contradictory statements, the general good reputation for truth of such witness may properly be proved. Anderson v. State, 34 Tex. Crim. Rep. 550; Tipton v. State, 30 Tex. Crim. App. 531. We do not believe that the rule is altered by the fact that the witness herself admitted on cross-examination that she had made such contradictory statements.

We are confronted in this case with the contention that Esther Turner was an accomplice witness, and that the charge being properly excepted to for failure to so tell the jury affirmatively, or at least to submit to the jury the issue of fact as to whether she was such accomplice, this was reversible error. Said witness admitted on cross-examination that after the shooting she went with appellant to the field where witness' husband and another son of appellant were, and further said:

"At that time I told the boys that Mr. Turner came home and busted in the door and ran Mrs. Turner, the defendant, out towards the lot and I followed him and engaged in a scuffle with him over the possession of a pistol and Mrs. Turner came out to assist in the scuffle over the pistol and Mr. Turner was shot accidentally; that was substantially what I told them. I told Mr. Cobb, the justice of the peace, substantially the same thing."

She gave as her reason for making such statements the fact that appellant threatened to kill her if she did not help her out and tell it that way. It also appears that she made a similar statement to Mr. Sanford, the sheriff, on the day of the killing, presumably all made in the presence of appellant. She declared as a witness in this case that her statements then made that the shooting was in a scuffle over a pistol and was accidental, were false and were made by her because of her fear of appellant and the threats made by appellant to her if she did not so state. John and Claude Turner as well as Mr. Cobb and Mr. Sanford testified to statements made by her in line with and corroborative of the statement made by appellant, and tending to support the theory that the shooting was an accident.

A very similar case, and one involving the question of whether the court erred in not telling the jury that the witness was an accomplice, and also discussing the proposition of duress under the facts of that case, appears in Howard v. State, 242 S. W. Rep. 739, a case in which we held it error for the court not to submit the issue of accomplice testimony. The facts in that case showed somewhat more

plainly than in the instant case that the alleged accomplice made statements and gave testimony exonerating Howard, et al., at times and places when the accused was not present and when the effect of the coercive influence might be more doubtful than in the case before us. In this case Mrs. Esther Turner said, as we understand the record, that she was influenced by threats made by appellant, possibly repeated by witness' husband,—when she made the statement corroborative of appellant's story to the effect that the shooting was accidental, at the time she talked to the Turner boys in the field and the sheriff, and the justice of the peace. As we understand it, appellant was present at each of these times and places, and it would seem that the issue of duress,—which is one of fact as said by Judge Morrow in Wingo v. State, 85 Tex. Crim. Rep. 119,—was in the case. The learned trial judge should have submitted such issue to the jury, telling them in appropriate language that Mrs. Esther Turner would be an accomplice by reason of her statements in aid of and in corroboration of appellant, and showing that appellant was not guilty of an offense, unless they should find and believe from the evidence that she made such statements as the result of fear induced by threats made by appellant, and that in case they found she was such accomplice they could not convict unless she was corroborated, etc. The court's charge was excepted to for failure to submit the issue of accomplice testimony as applied to Mrs. Esther Turner, and we regard the refusal of the court to submit same as such error as necessitates a reversal of the case.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

## ON MOTION FOR REHEARING.

HAWKINS, Judge.—The state has filed a motion for rehearing insisting that the objections to the charge were not sufficiently specific to direct the attention of the trial judge to the fact that appellant was complaining because the court had not submitted to the jury the issue whether Esther Turner was an accomplice witness, but only advised the judge that appellant was complaining because the court had not held her to be such accomplice witness as a matter of law. We are referred to Adams v. State, (No. 12,317, opinion on rehearing March 20, 1929, not yet officially reported), as supporting the state's position. There is an expression in the original opinion in that case to the effect that the question was not properly raised in the lower court as to whether the evidence made an issue as to a

certain witness being an accomplice, but that point passed out of the case when upon motion for rehearing all the facts were considered and the conclusion announced as follows:

*"We do not believe that this evidence raises the issue of whether Forbes was an accomplice,* and certainly did not make him an accomplice as a matter of law."

It would be an unusual case where objection was being urged that a certain witness was an accomplice as a matter of law that did not also direct the court's attention to an investigation as to whether the evidence raised an issue of fact regarding the status of such witness. That such was true in the present case we have no doubt. In the written objections to the charge appellant was pertinently and specifically insisting that the court should hold as a matter of law that Esther Turner was an accomplice witness; that she had not been sufficiently corroborated and that for these reasons the court should not submit the case to the jury at all except to direct a verdict of acquittal. Immediately following the objection mentioned is one in this language:

"The court erred in refusing to charge the jury that the prosecuting witness Esther Turner is in law an accomplice, and in failing to charge the jury appropriately the law relating to accomplice testimony in connection with the evidence of said witness, Esther Turner, and in this connection defendant especially requests the court to give in his main charge to the jury appropriate instructions relating to accomplice testimony."

Art. 658, C. C. P., which was formerly Article 735, provides that objections to the court's charge shall be in writing "distinctly specifying each ground of objection." The correct interpretation of this statute, we think, is found in James v. State, 86 Tex. Crim. Rep. 598, 219 S. W. 202, where the following announcement appears.

"In writing the statute, Article 735, C. C. P., the Legislature had in mind that the objections to the charge would be passed upon by the trial judge acquainted with the facts of the case and the law applicable thereto, and the terms in which the charge prepared by him was framed. The objects sought were to let the trial judge know in what respect the accused regarded the charge as faulty, to afford opportunity to correct it, and to make unavailable to the accused objections to the charge not made at the trial. * * * The statute should not be given a construction so technical as to deny the right of review on appeal where a substantial compliance is shown and its end practically accomplished."

Giving application of such construction to the present case we entertain no doubt that the court's attention was sufficiently called to the omissions from the charge in the particular complained of.

The state's motion for rehearing is overruled.

*Overruled.*