SID McGOODWIN v. THE STATE.

No. 19447.   Delivered March 30, 1938.

The opinion states the case.

*J. V. Patterson,* of Decatur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

Five head of cattle belonging to Vestal Tedrow were in the pasture of Robert Smith. Smith had the custody of said stock, and customarily put them in his pen at night. On the 24th of March, 1937, Mr. Tedrow missed one of said animals and immediately instituted an investigation. Going to the home of Robert Smith, he asked him whether he had seen the missing calf. Smith replied that it was still in the pasture, but later told him it was in Mr. Crumpton's pasture. Mrs. Smith also told him that the calf was still in her husband's pasture. Touching the description of the stolen animal, Mr. Tedrow testified as follows: "This calf was a yellow-colored heifer coming two years old—crossbreed between a Jersey and White Face. She had horns that came straight out, four or five inches long, and was white from her ears down on her jaws, and she had small marks on her ears where a dog had chewed her. This calf would weigh about 450 pounds, and would have been two years old about the first of August." Again, he said: "She was a yellow heifer coming two years old, with straight out horns. It had white inside of the horn and down the side of the jaw; it was white on the jaw."

On the 24th of March, 1937, appellant sold a calf to the stock yards in the city of Fort Worth. Mr. Beene, who received the animal for the Shirley Commission Company, testified in part as follows: "It was a white faced heifer, light red color. I didn't notice whether or not it had horns."

Appellant's wife testified that Robert Smith came to her home about the 24th of March, 1937, and asked appellant to carry a calf and some hogs to Fort Worth for him. Further, she testified that later her husband left with the hogs and calf for Fort Worth.

The foregoing is, in substance, the testimony of nonaccomplice witnesses.

Robert Smith testified that appellant came to his cowlot on the 23d of March, 1937, and told him that he would haul his (Smith's) hogs to Fort Worth for him. At this juncture we quote from his testimony as follows: "Something came up about Vestal Tedrow's yearling that was there at my place and the defendant told me he had bought this yearling from Tedrow. He said he had bought the yearling and was going to haul it the next morning and wanted to know if I wanted him to haul my hogs too. He said he was going to haul the yearling out the next morning about sunup or a little after. He came to my place the next morning." Further, the witness testified that he and appellant unloaded the hogs at the stock yards in Fort Worth and he returned home with appellant from Fort Worth. On the way back appellant told him that it might cost him his life if he said anything about the calf. Smith testified that he had already penned Mr. Tedrow's stock when appellant came to his cowlot. He testified, further, that the check for the hogs was made payable to appellant. He said he got fifty-seven dollars for the hogs, but received nothing for the calf. Mrs. Smith testified that she knew the calf had been taken by appellant at the time she told Mr. Tedrow that it was still in the pasture. She testified, in substance, that she made this statement because she was afraid an effort might be made to implicate her husband. At the time of the trial Robert Smith was under indictment charged with the theft of said calf.

We think it is clear that the false statement of Mrs. Smith to Mr. Tedrow was made for the purpose of aiding Robert Smith and the appellant to evade arrest or trial. Hence she was an accomplice witness. Littles v. State, 14 S. W. (2d) 853. Also Robert Smith was an accomplice. He was directly connected with the transaction for which the appellant was on trial, and was under indictment charging him with the theft of the calf in question.

The question arises whether the testimony of these accomplice witnesses was sufficiently corroborated. When we omit from the case their testimony and examine the testimony of the other witnesses with the view of ascertaining if there be inculpatory evidence, we have the testimony of the employee of the commission house that appellant sold a calf in Fort Worth, and the further testimony of appellant's wife that Smith had asked appellant to take a calf and a load of hogs to Fort Worth for him. The description of the animal sold in Fort Worth is meager. The witness described it as "a white faced heifer, a

light red color." This description was at variance with that given by Mr. Tedrow. Whether the check received by the appellant from the commission company included the purchase price of the calf was not shown. That the calf appellant carried to Fort Worth was owned by Mr. Tedrow was shown alone by the testimony of the accomplice witnesses. In Williams v. State, 199 S. W. 296, this Court said: "He [the accomplice] must be corroborated as to ownership, the taking, as well as the presence of the defendant. * * * In a case where the ownership of the animal alleged to be stolen is proved only by the uncorroborated testimony of the accomplice, it is not sufficient on the issue of ownership, and therefore insufficient to support the conviction."

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.