## A. B. CAST V. STATE

No. 28,603. December 5, 1956.

4

*Arthur C. Riddle,* Luling, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for perjury; the punishment, two years in the penitentiary.

The perjury charged against the appellant is assigned upon his testimony before the grand jury wherein he testified that he saw James Martin at the Crown Jewelers in Sinton, San Patricio County, Texas, sometime prior to May 4, 1955, return two diamond rings to Fred White. The indictment further alleged that such testimony was deliberately given and known by appellant to be false.

The grand jury, at the time of the statement assigned as perjury, was investigating the disappearance of two diamond rings from Crown Jewelers, a business owned by the appellant, which rings had been delivered to the appellant by Fred White, the owner, for safe keeping.

Fred White testified that in either February or March, 1955, he took two diamond rings to the Crown Jewelers for appraisal; that appellant, the owner of Crown Jewelers, appraised them to be of the value of $2,000; that he asked appellant about keeping the rings for him, which he agreed to do and put them in a box and placed them in his safe. He further testified that he returned to Crown Jewelers about three months later but before May 4, 1955, and asked for the rings; that appellant was not present but James Martin, an employee, was there and he opened the safe but was unable to locate the rings; that the rings have never been returned to him, and that he never authorized the appellant to deliver them to anyone.

James Martin testified that while he was employed by appellant Fred White came to Crown Jewelers in February or March, 1955, and left two diamond rings with the appellant for safekeeping. Later, he testified, Fred White returned, asked for the rings, and that he searched the safe as well as the place of business but was unable to locate the rings and did not know what became of them. He further testified that Fred White filed a complaint against appellant and his wife charging them

with theft of the rings and that soon thereafter appellant filed a complaint against him charging the embezzlement of funds and they were placed in jail. He also stated that Mrs. Cast told him while they were in jail that if he would testify that he returned the rings to Fred White they would dismiss the embezzlement charge; that thereafter he testified at the examining trial that he returned the rings to Fred White and later appeared before the grand jury and gave the same testimony. Then he testified that he voluntarily re-appeared before the grand jury, retracted his former testimony about the rings, and testified that he knew nothing of the disposition of the rings or their whereabouts.

Sheriff Hunt and Deputy Sheriff Whitehead each testified that appellant and his wife, in the presence of each other when arrested and informed of the nature of the charge named in the warrant of arrest, insisted that the rings were then in the safe at Crown Jewelers, that they went to Crown Jewelers, and the appellant and his wife searched the safe and the place of business but were unable to locate the rings.

Justice of the Peace Phillips testified that the case against James Martin was "dismissed at the request of the prosecuting witness."

Appellant challenges the sufficiency of the evidence to support the conviction.

The state, under the provisions of Art. 723, Vernon's Ann. C.C.P., had the burden of establishing by the tesimony of at least two credible witnesses or one credible witness corroborated strongly by other evidence that James Martin did not return the two diamond rings at Crown Jewelers to Fred White.

To establish the falsity of appellant's testimony assigned as false before the grand jury the state relied upon the testimony of Fred White that he delivered the rings to the appellant which were never returned to him and the testimony of James Martin that he had not returned the rings to Fred White.

It appears from the evidence that the witness Fred White is a credible witness.

The admissions of the witness James Martin while testifying in this case that he had testified falsely at the examining trial and also before the grand jury as to the disposition of the rings makes him an accomplice. An accomplice witness is a dis-

6

credited witness because his testimony alone cannot furnish the basis for a conviction. Therefore James Martin being an accomplice could not be a credible witness under our law of perjury. Conant v. State, 51 Tex. Cr. R. 610, 103 S.W. 897; Jones v. State, 160 Tex. Cr. R. 479, 272 S.W. 2d 368.

With Fred White as the only credible witness the record must disclose other evidence strongly corroborating his testimony to sustain a conviction. Other than the testimony of the accomplice witness Martin, we have the statements of the appellant to the officers at the time of his arrest that the rings were in the safe at Crown Jewelers; that the appellant filed a complaint against James Martin charging him with embezzlement, and after Martin testified that he delivered the rings to Fred White, the charge of embezzlement was dismissed at appellant's request.

We have reached the conclusion that the evidence does not meet the requirements of the law. Art. 723, Vernon's Ann. C.C.P.; Branch's Ann. P.C., 2nd Ed., 311, Sec. 857; Melton v. State, 81 Tex. Cr. R. 604, 207 S.W. 316; Eldridge v. State, 111 Tex. Cr. R. 451, 14 S.W. 2d 1036.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.