Milton O'NEAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 40414.

Court of Criminal Appeals of Texas.

June 21, 1967.

Rehearing Denied Oct. 4, 1967.

Second Rehearing Denied Nov. 8, 1967.

Jones, Blakeslee, Minton, Burton & Fitzgerald, by Roy Q. Minton, Austin, for appellant.

Thomas D. Blackwell, Dist. Atty., Philip A. Nelson, Jr., Asst. Dist. Atty., and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is enticing a male child under the age of fourteen (14) years to enter a house for the purpose of proposing an act which constitutes the offense of sodomy as denounced by Article 535b, Vernon's Ann. P.C.; the punishment is 10 years.

The complainant, J. E. C., testified that he was 11 years old in July 1964, when he first met appellant at the house of a school mate, that appellant took his friend and him water skiing and that later in that month he met appellant at a park where they were playing football and after the game appellant asked him and two of his friends to come to his house and spend the night. He stated that he alone went, that he and appellant first attended a movie and from there went to appellant's home where they both undressed down to their underwear and watched television. He stated that after a time appellant pulled off his underwear and pulled the complainant's underwear down to his knees, put complainant's hand on "his dick and told me to jack him off and then he started jacking me off." Complainant stated that he did not masturbate appellant, but that appellant "rolled me over and he got on top of me," put his penis between complainant's thighs and "started moving up and down," and thereafter asked him, "Do you want to suck to make it really feel good?" and when complainant answered in the negative, appellant desisted, saying, "I guess I rushed you a little too much." Complainant spent the remainder of the night and the next day in appellant's company and made no complaint to anyone about the incident until the police interrogated him in February 1966.

H. F., one of the complainant's 15-year-old friends, testified that on the night in question he and some other boys went to appellant's home and that he climbed a tree in order to see if anyone was awake and saw appellant and complainant lying on a bed in a partially lit room, that complainant's underwear was down to his knees and appellant's head was near complainant's mid-section and appellant had one hand on his own private parts.

The appellant did not testify or offer any evidence on the trial of guilt or innocence.

The record reveals that the appellant's application to take the oral depositions of the complaining party and two peace officers was granted by the trial judge on March 21, 1966, and that the trial began on May 9, 1966.

Over appellant's strenuous objection, the prosecution was permitted to present testimony from two other boys showing that ap-

pellant had at other times and while alone with them committed similar acts upon them. The court charged the jury that such evidence was admitted for the purpose of showing identity, intent, motive, malice and common plan or scheme, if it did.

Appellant relies upon the general rule that evidence of extraneous offenses is not admissible for the reason that an accused is entitled to be tried only for the offense alleged in the indictment unless such offenses come within the exceptions to the general rule; and he further contends that none of the exceptions are applicable to the evidence in this case.

The indictment, omitting the formal parts, alleges that the appellant on or about July 20, 1965, "did then and there unlawfully *with lascivious intent* entice, allure, persuade and invite J. E. C., a male child under fourteen (14) years of age, to enter a house *for the purpose of proposing* an act which constitutes the offense of sodomy."

Art. 535b, Section 1, V.A.P.C., reads:

"It shall be unlawful for any person *with lascivious intent* to entice, allure, persuade, or invite, or attempt to entice, allure, persuade or invite, any child under fourteen (14) years of age to enter any vehicle, room, house, office or other place *for the purpose of* proposing to such child the performance of an act of sexual intercourse or an act which constitutes the offense of sodomy * * *."

Art. 21.05, Vernon's Ann.C.C.P., provides:

"Where a particular intent is a material fact in the description of the offense, it must be stated in the indictment; * *."

■ The meaning of the word "lascivious" as defined in the opinion in Slusser v. State, 155 Tex.Cr.R. 160, 232 S.W.2d 727, a sodomy case, is deemed applicable in the instant case. There this court said:

"The words 'lewd' and 'lascivious' are not defined in the statutes and must there-

fore be given their ordinary meaning to be arrived at in part by a determination of the legislative intent in the use of the words in the particular statute.

"As so determined, the term 'lewd or lascivious manner' means in a vulgar manner inciting sexual desire or appetite, and connotes lust, indecency and sexual indulgence. The words 'lewd' and 'lascivious' are similar in meaning and signify that form of immorality which has relation to sexual impurity. See Vol. 24, Words and Phrases, Perm. Ed., P. 257; Swearingen v. U. S., 161 U.S. 446, 16 S.Ct. 562, 40 L.Ed. 765."

At the close of the state's case in chief, the appellant presented his motion requesting the court to instruct the jury to find him not guilty for the following reasons:

"In a case of this nature if the evidence shows that the complaining witness is an accomplice, or if the evidence has raised that he is an accomplice, then it becomes necessary to have his testimony corroborated;

"The evidence is clear in this case without going into it that the witness continued to do this when other people had been present and it was not necessary for him to do so without his consenting, and under the decisions in this State, he would therefore be an accomplice witness, whether in fact a principal in the crime or not, and the necessity of corroboration arises;

"Now, as to the corroborating testimony which the State has offered in the way of H. F., his testimony clearly shows only the opportunity for this to have happened. He has testified that he observed the defendant and the complaining witness in such a position that he certainly assumed that something of this nature could have been happening, or perhaps a reasonable person would so assume;

"The law in this case is clear that the showing of an opportunity to commit the

offense is insufficient to corroborate accomplice testimony;

"Therefore, we move for an instructed verdict of not guilty, Your Honor, on the grounds that the State's primary testimony was made by an accomplice witness, and that the attempt at corroborating such testimony failed in that it showed only the opportunity to have committed the offense."

To the action of the court in refusing his motion for an instructed verdict of not guilty, the appellant excepted.

In accordance with the principles of law pertaining to the testimony of the complaining witness and his corroboration, the court charged the jury upon the law applicable to accomplice testimony and its corroboration:

"An accomplice, as the word is here used, means any one connected with the crime charged, either as principal, accomplice, or accessory. It includes all persons who are connected with the crime charged by unlawful act or omission on their part, transpiring either before, at the time of, or after the commission of the offense, if any, and whether or not they were present and participated in the commission of the crime.

"A conviction cannot be had upon the testimony of an accomplice unless the jury first believe that the accomplice's evidence is true and that it shows the defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission.

"If you find from the evidence that the witness, J———— E———— C————, was an accomplice, or you have a reasonable doubt thereof, as that term has been defined to you in the foregoing instructions, then you are instructed that if you find beyond a reasonable doubt that an offense was committed, you cannot find the defendant, Milton O'Neal, guilty upon the testimony of J———— E———— C———— unless you first believe the testimony of the said J———— E———— C———— is true and that it shows the defendant is guilty as charged in the indictment; and even then you cannot convict the defendant unless you further believe that there is other evidence in this case, outside the evidence of said J———— E———— C————, tending to connect the defendant with the commission of the offense charged in the indictment and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty."

In considering the credibility of an accomplice witness this court in Cast v. State, 164 Tex.Cr.R. 3, 296 S.W.2d 269, said:

*"An accomplice witness is a discredited witness because his testimony alone cannot furnish the basis for a conviction."*

It is insisted that the issue of lascivious intent had been clearly proved before the offer of testimony pertaining to extraneous offenses; that once the act was proved to have been committed, the appropriate and necessary intent will be presumed if the appellant does not raise some defensive theory.

The appellant moved for an instructed verdict of not guilty at the close of the state's case in chief, on the grounds that the state's primary testimony was given by an accomplice witness, and that the attempt at corroborating such testimony failed in that it showed only the opportunity to have committed the offense.

It is evident that there was dispute as to whether the testimony of the complaining witness and the boy who climbed a tree and looked through the window constituted

proof clear and certain that appellant *with lascivious intent* enticed the 11-year-old complainant to enter his house *for the purpose of* proposing to such child an act which constitutes the offense of sodomy.

The other grounds urged as error pertain to the proof of extraneous offenses.

The state introduced the testimony of three boys, two of whom were 11 years of age and the other, age 10, at the time here in question. The complainant, age 11 on July 20, 1964 (the date of the act relied on by the state), testified that about that date he was invited by the appellant to spend the night at his home; that during the night the appellant handled his private parts and placed his penis between his legs and began moving up and down. The other boy, age 11, testified that in July, 1964, he was invited by the appellant to spend the night at his house, and that during the night the appellant committed an act of oral sodomy upon him while they were in bed; that the appellant fondled his privates two or three times before his birthday on July 9, 1964, and two or three times later that summer. The 10-year-old boy testified that in the fall of 1964, he went with the appellant to his home, and while on the bed the appellant placed his penis between his legs and began moving back and forth. The appellant was nude and the complainant's underwear was down to his knees during the act about July 20; and the appellant and the other two boys were nude during the acts between them. The boys disrobed at the insistence of the appellant.

During the cross-examination of the 11-year-old boy (not the complainant) pertaining to the appellant's actions with him, the boy testified in part as follows:

"Q You ultimately did tell your mother and your father about it, didn't you?

"A After a little while.

"Q Now, S——, your mother and your father are intelligent, understanding people, are they not?

"A Yes, sir.

"Q And when you did talk to your mother, she explained to you it was possible *that Milton (appellant) had a problem in this direction?*

"A Yes, sir."

The testimony of the three boys reveals that all of the described unnatural acts except one took place in the bed in one and the same house, that of the appellant, where each had been taken by him. The boys' testimony leads to the conclusion that the appellant followed a common pattern, that is, the acts described have common features in both their preparation and in their commission. The evidence indicates methods and types of unnatural sexual acts, all being of a similar nature to the offense on trial and recent in point of time, all logically and reasonably tending to show the accused's intent and purpose, the condition of his mind, the unnatural attitude of the accused toward the victim of his lust, and the probability he would commit the act charged.

█ The evidence warrants the conclusion that the appellant followed a common pattern of similar acts and conduct, amounting to a common scheme or plan in committing the particular acts shown by the evidence. The appellant pursued the same method, in the same place, with similar acts committed upon three boys, ages 10 and 11.

█ The offense alleged in the indictment as denounced in the statute consists of an *act combined with a particular intent, that is, a lascivious intent,* and it is as necessary to prove the *intent* as to prove the act, and the *particular intent* must be found by the jury, as a fact, beyond a reasonable doubt, before a conviction can be sustained.

█ From all the facts and circumstances in evidence in this case, it is concluded that the evidence of the unnatural sexual acts by the appellant with boys other than the complainant, at the appellant's own

house, under like circumstances and conditions, was evidence which was admissible to show common plan or scheme, the lascivious intent of the accused, and his purpose or motive, which are exceptions to the general rule.

■ Also, as a ground for reversal, it is contended in appellant's brief that it was error to instruct the jury that they could consider the extraneous offenses for the purpose of showing malice.

In considering the nature of the testimony in light of the record, it appears that the inclusion of malice (which was not an issue) among five other named elements was not reasonably calculated to injure the rights of the appellant.

The judgment is affirmed.

## OPINION
## ON APPELLANT'S MOTION
## FOR REHEARING

DICE, Judge.

We have again reviewed the record in light of appellant's motion for rehearing, and remain convinced that the evidence of extraneous offenses was admissible under the exceptions stated to the general rule.

■ In his motion, appellant complains of our failure to pass upon his point of error # 5, wherein he urged as error the court's refusal to give his requested charge on punishment.

The court, in his charge, instructed the jury that if they assessed punishment for not more than ten years and found that appellant had never been convicted of a felony in this state or any other state they could in their discretion recommend probation and so state in their verdict.

Appellant's requested charge, which the court refused, would have instructed the jury that if probation were granted by the jury, the court, if he found appellant eligible, would give him a probated sentence upon the conditions as set out in Sec. 6 of Art. 42.12, subd. B, V.A.C.C.P.

Such requested charge to the jury that if they recommended probation the court would give appellant a probated sentence upon the conditions set out in Sec. 6 of Art. 42.12, subd. B, supra, was incorrect, in view of that provision in Sec. 3a of Art. 42.12, subd. B, supra, which reads

"If probation is granted by the jury the court may impose only those conditions which are set forth in Section 6 hereof."

■ Under this provision of the statute, the conditions of probation which the court may impose when probation is recommended by the jury are limited to, but do not necessarily include, all those enumerated in Sec. 6 of the statute.

While it would have been proper for the court to have instructed the jury that if they recommended probation, the court, in granting probation, could impose only the conditions—but not necessarily all—set forth in Sec. 6 of the statute, we are unable to agree that such failure was harmful to appellant and that it calls for a reversal of the conviction.

The motion for rehearing is overruled.

## DISSENTING · OPINION

MORRISON, Judge.

Upon original submission, Judge Onion joined me in a concurring opinion. At the conclusion of argument for rehearing, we both agreed that the theory upon which we concurred originally was erroneous. We now withdraw such concurring opinion and face the issue squarely again. The only logical conclusion which we have been able to reach is that there is no different quantum of proof in a case where the charge is

enticing for immoral purposes and a case of indecent exposure which follows such illegal enticement. They are both criminal cases, and the quantum is the same. Once that conclusion is reached, the solution of this case is simple.

As stated in the majority's original opinion:

"The prosecution was permitted to present testimony from *two* other boys showing that appellant had at other times and while alone with them committed similar acts upon them."

Extraneous offenses are not admissible in indecent exposure cases because of the rule stated in Young v. State, 159 Tex.Cr.R. 164, 261 S.W.2d 836, and here restated:

"The general rule in all English speaking jurisdictions is that an accused is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime, or for being a criminal generally. The rule is now deemed axiomatic and is followed in all jurisdictions."

None of the exceptions to the general rule stated above exists in this case, and certainly not the exception relied upon in the original opinion of the majority. It is abundantly clear from this record that at no time during the trial did appellant take issue with any State's witness as to the truthfulness of his testimony. He offered no evidence in his own behalf nor did he vigorously cross examine the State's witnesses. The motion for instructed verdict was made in the absence of the jury; therefore, no fact issue was raised before the jury as to J. E. C.'s being an accomplice. The court's charge could not create an issue not raised by the facts.

Without a question of J. E. C.'s being an accomplice, his uncontradicted testimony as to the occurrence of the alleged acts would support a finding of the necessary intent and motive and would preclude the introduction of extraneous offenses for that purpose.

There is no question of appellant's identity and malice does not appear in cases of this nature.

The majority in its original opinion states:

"The evidence indicates methods and types of unnatural sexual acts, all being of a similar nature to the offense on trial and recent in point of time, all logically and reasonably tending to show the accused's intent and purpose, the condition of his mind, the unnatural attitude of the accused toward the victim of his lust, and the probability he would commit the act charged.

The evidence warrants the conclusion that the appellant followed a common pattern of similar acts and conduct, amounting to a common scheme or plan in committing the particular acts shown by the evidence. The appellant pursued the same method, in the same place, with similar acts committed upon three boys ages 10 and 11."

However, the defendant in no way denied the alleged acts of misconduct, as by offering a defense such as alibi. As stated in Smith v. State, Tex.Cr.App., 409 S.W.2d 409:

" * * * proof of prior and subsequent acts are admissible if they explain and lend credence to the testimony concerning the conduct of the parties on the occasion charged in the indictment, which would not otherwise appear plausible *where there was a denial of the act through testimony offered by appellant* as to an *alibi*."

See also Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612.

Having re-analyzed the case in light of appellant's motion for rehearing, and his argument in support thereof, Judge Onion joins me in dissenting to the overruling of appellant's motion for rehearing.