**Lonnie Quincy PRIOR, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14-81-639-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 28, 1982.

Rehearing Denied Feb. 11, 1982.

Discretionary Review Granted
April 21, 1982.

Anthony P. Griffin, Galveston, for appellant.

James F. Hury, Jr., Criminal Dist. Atty., Galveston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

This appeal arises out of a conviction for indecency with a child wherein the punishment, enhanced by two prior convictions, was assessed at life in the Texas Department of Corrections. We affirm.

The sufficiency of the evidence is not challenged. Appellant's conviction is supported by the testimony of the complainant and another witness, both of whom testified that appellant, directing his actions specifically at them, exposed his erect penis and handled it with a back and forth motion. The State also offered the testimony of two other witnesses who testified that the appellant exposed himself to them in a like manner on two separate occasions subsequent to the event for which appellant was being tried.

■ Appellant's sole ground of error concerns the trial court's admitting these two extraneous offenses into evidence during the State's case in chief. He argues that this evidence amounts to trying appellant for some collateral crime or for being a criminal generally. We disagree. In *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim.

App.1972), the court discusses several exceptions to the rule prohibiting the admission of extraneous offenses. The exception here applicable allows such evidence "[T]o prove scienter, where intent or guilty knowledge is an essential element of the State's case and cannot be inferred from the act itself." 486 S.W.2d at 100. Appellant asserts that because intent was never put into issue, as by his denial of the act or by his putting on an alibi witness, the admission of these extraneous offenses into evidence during the State's case in chief was reversible error.

The statute under which appellant was indicted provides in part as follows:

§ 21.11 Indecency with a Child

(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

(1) engages in sexual contact with the child; or

(2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person. . . .
Tex.Penal Code Ann. § 21.11 (Vernon 1974).

The culpable mental state the State must prove is "intent to arouse or gratify the sexual desire of any person."

While we have been unable to find a case directly on point under this section of the new penal code, the Court of Criminal Appeals in *O'Neal v. State*, 421 S.W.2d 391 (Tex.Crim.App.1967), held that evidence of extraneous offenses was admissible during the State's case in chief to prove "lascivious intent" pursuant to Art. 535b, the parallel statute in the former penal code. In *O'Neal* appellant was convicted of enticing a male child under the age of 14 years to enter a house for the purpose of proposing an act constituting the offense of sodomy. The culpable mental state alleged in the indictment was "with lascivious intent." There the court permitted the introduction of two like extraneous offenses during the State's case in chief to show common plan

or scheme and the lascivious intent of the accused.

■ Although the culpable mental state required under the new penal code is not lascivious intent but rather "with intent to arouse or gratify the sexual desire of any person," the proof needed to prove lascivious intent is very similar to that needed to prove intent to arouse or gratify the sexual desire of a person. In fact, the practice commentary to Section 21.11 provides that the new culpable mental state is an improvement over the lascivious intent language of the old penal code section. This is presumably because there is no room in the new requirement for ambiguity and the new code spells out specifically the culpable mental state the State is required to prove. In the instant case, the State introduced these two extraneous offenses to show that appellant intended to do the act so as to eliminate any possibility in the jurors' minds that the exposure was in any way accidental.

Assuming, *arguendo*, that the State was not required to prove intent so that the exception heretofore mentioned would not be applicable, appellant's admission that he committed the offense cured any possible error committed by the trial court. We fail to see how appellant was harmed by the admission of this evidence. Additionally, the court's charge contained a limiting instruction providing essentially that any evidence of extraneous offenses could be considered only in determining the intent or knowledge of the defendant. We find no reversible error and accordingly affirm the conviction.